VILLAGE OF ELBOW LAKE v. MARTIN P. HOLT.[1]

October 18, 1897.

Nos. 10,774—(139).

Criminal Law—Sale of Liquor without License—Complaint.
    The complaint *held* to sufficiently allege that a sale of intoxicating liquor
    was made without having first obtained a license therefor.

Same—Justice Court—Appeal—Jurisdiction of District Court.
    Where a party appeals to the district court on questions of both law and
    fact from a conviction and sentence in justice's court for the violation of a
    village ordinance, and upon a trial of the appeal is again convicted, the
    sentence of the district court is not limited by the sentence of the justice,
    but the court may impose any sentence within the limits of the penalty
    prescribed by the ordinance.

Same—Judgment—Omission of Costs.
    The sentence of the district court was that the defendant pay a fine of
    $100 and costs, but the amount of the costs was not inserted in the judg-
    ment. *Held*, that this omission was no ground for a reversal of the judg-
    ment. As it stands, it is a good judgment for the $100 fine.

Appeal by defendant from a judgment of the district court for
Grant county sentencing him to pay a fine of $100 and costs, or in
default of payment to be imprisoned, after a verdict finding him
guilty of selling intoxicating liquor without a license. Affirmed.
    *C. J. Gunderson*, for appellant.
    *Andrew O. Ofsthun*, for respondent.

MITCHELL, J.
    The defendant having been tried and convicted in justice's court
of selling intoxicating liquor without having first obtained a li-
cense, contrary to the provisions of the ordinance of the plaintiff
village, he appealed to the district court, where he was again tried
before a jury, convicted, and sentenced to pay a fine of $100 and
costs, or, in default of payment thereof, to be confined in the county
jail until the fine was paid, not exceeding 90 days. From this judg-
ment he appealed to this court.

[1] Reported in 72 N. W. 564.

1. It is urged that the complaint is insufficient, in that it does not charge that defendant sold the liquor without a license. The allegation is that he sold it "without first having obtained a license therefor, and * * * without being a regular licensed druggist," etc. The allegation being in the conjunctive, negatives the existence of either and both of the facts referred to. The complaint is sufficient.

2. The judgment of the justice was that defendant pay a fine of $50 and costs, and, in default of payment, that he be confined in the county jail for 60 days. The point is made that, in cases under village ordinances, appeals from justice's court are to be taken the same as in civil actions, and the condition of the appeal bond is that, "if judgment be affirmed in whole or in part, he [the appellant] will pay the same, and all costs and damages awarded against him on such appeal" (G. S. 1894, § 1254); and therefore the judgment, after trial and conviction in the district court, cannot exceed the judgment of the justice.

The point is not well taken. When the appeal is general, upon questions of both law and fact, and the case is tried de novo, and the defendant convicted, the district court may impose any sentence within the limits of the penalty prescribed by the statute or ordinance under which the action is brought. This is so in strictly criminal actions. So, also, in strictly civil actions, when the appeal from justice's court is on questions of both law and fact, the recovery may be for whatever a party proves himself entitled to (at least within the jurisdiction of the justice), regardless of what the judgment was in the justice's court. The statute as to the condition of the appeal bond was evidently borrowed from jurisdictions where there was no trial de novo on the merits; but the appeal was on questions of law alone, for the sole purpose of reviewing the alleged errors of the court below, appearing from the record. The language of the statute is therefore somewhat inept as applied to cases where the appeal brings up the case for trial de novo; but the question of the extent of the liability of the sureties on the bond in this case is not before us.

3. The amount of the taxable costs was stipulated by the parties, but not inserted in the judgment, the judgment being simply that

the defendant be sentenced to pay a fine of $100 and costs. The fact that the amount of the costs was not inserted in the judgment is no ground for reversal. As it stands, it is a good judgment for the $100. If any one is prejudiced by the omission, it is the village, and not the defendant.

The case comes to this court on the record alone, there being neither "case" nor bill of exceptions, and we cannot consider the certificate of the clerk, as to matters which occurred on the trial which are no part of the record.

This disposes of all the assignments of error which are worthy of special notice.

Judgment affirmed.