## STATE v. M. J. GOLDSTONE.[1]

### January 9, 1920.

### No. 21,560.

**Criminal law — evidence of guilt.**

1. Defendant, driving an automobile on a public highway, struck a pedestrian. The evidence is sufficient to establish that defendant was guilty of culpable negligence, and that the pedestrian was injured thereby.

**Same — proximate cause of death.**

2. The evidence that the pedestrian was previously in good physical condition, that he was knocked down and run over, was picked up unconscious, and died in a few hours, is sufficient to establish that the contact with the car caused his death. No expert testimony is necessary.

**Same — proof required.**

3. It is not necessary for the state to prove every allegation in the indictment, if it prove enough to establish a crime alleged.

**Speed law valid.**

4. Section 2635, G. S. 1913, making it a penal offense to drive a motor vehicle, at a speed greater than is reasonable and proper having regard to the traffic, or so as to endanger life, limb or property, is not void for indefiniteness and it is valid.

**Manslaughter in second degree — violation of speed law.**

5. It is the infliction of death by culpable negligence that constitutes manslaughter in the second degree under subdivision 3, section

[1]Reported in 175 N. W. 892.

8612, of our statutes. Disobedience of section 2635 may constitute culpable negligence.

**Refusal to charge jury.**

6. It was not error to refuse to instruct the jury that negligence to be punishable criminally must be foolhardy.

**Danger from automobile — charge to jury.**

7. An automobile is not to be classed with dangerous agencies like dynamite, and cannot be regarded as dangerous per se so as to render its owner liable on that ground alone for injuries resulting from its use, but the use of an automobile is fraught with more danger than the use of some other vehicles, and there is no objection to language in the charge to the jury calling attention to that fact.

Defendant was indicted by the grand jury of Norman county charged with the crime of manslaughter in the second degree, tried in the district court for that county before Grindeland, J., and a jury which found him guilty as charged in the indictment. Defendant's motion for a new trial was denied. From the judgment of conviction, sentencing him to the penitentiary, defendant appealed. Affirmed.

*E. Engerud* and *Morphy, Bradford & Cummins,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *M. A. Brattland,* County Attorney, for respondent.

HALLAM, J.

1. Defendant was convicted of manslaughter in the second degree. While driving an automobile on a public highway, he ran over and killed Jacob Kjelvig. The way was unobstructed. Kjelvig was in plain sight. He was on foot and traveling north. Meeting a friend driving south with a team and wagon, he stopped to talk. The two stood on the west side of the road. As Kjelvig started on his way again, he crossed to the east side of the road. Just at this time, defendant was approaching from the north. He turned to the east side of the road in order to pass the standing wagon. Apparently Kjelvig did not see defendant until defendant was close upon him. There is evidence that each then tried to dodge the other and Kjelvig was struck. There is evidence that defendant was driving at a reckless rate of speed under the conditions there ex-

isting. Witnesses place the speed at 35 miles an hour. There is some testimony that the automobile went eight rods after striking deceased. The indictment was brought under subdivision 3, section 8612, G. S. 1913, which provides that homicide is manslaughter in the second degree when committed without a design to effect death, "by any act, procurement, or culpable negligence of any person, which, according to the provisions of this chapter, does not constitute the crime of murder in the first or second degree, nor manslaughter in the first degree." The evidence is sufficient to establish that defendant was guilty of culpable negligence and that the injury to Kjelvig resulted therefrom.

2. Defendant contends that there is no evidence to support the claim that the contact with defendant's automobile was the cause of Kjelvig's death. We think there is. There is no expert testimony to that effect, but this is not indispensable. Kjelvig was in good physical condition. He was knocked down and dragged and the wheels of the automobile passed over his abdomen; he was picked up unconscious and died in a few hours. From these facts the jury might infer that the contact with the car caused his death. Wharton, Homicide, pages 45, 46, 898; State v. Schreiber, 111 Minn. 138, 126 N. W. 536; Perovich v. United States, 205 U. S. 86, 27 Sup. Ct. 456, 51 L. ed. 722; Edwards v. State, 39 Fla. 753; Lemons v. State, 97 Tenn. 560, 37 S. W. 552; Loew v. State, 60 Wis. 559, 19 N. W. 437.

3. The indictment charged that:

The defendant did "wilfully, wrongfully and feloniously drive and propel said automobile along said highway, in an unlawful, negligent and culpably reckless manner and at a rate of speed exceeding twenty-five miles an hour for a distance of one-quarter mile, and then and thereby driving said automobile upon and over the body and person of said Jacob Kjelvig, inflicting upon said Jacob Kjelvig certain mortal wounds and injuries of which said wounds and injuries the said Jacob Kjelvig thereafter died."

The indictment follows in general the language of section 2635, G. S. 1913, which reads as follows:

"No person shall drive a motor vehicle upon any public highway of this state at a speed greater than is reasonable and proper, having regard to the traffic and use of the highway, or so as to endanger the life or limb

or injure the property of any person.  *  *  *  If the rate of speed of any motor vehicle operated on any public highway in this state, outside the closely built up business portions, and the residence portions of any incorporated city, town or village, exceeds twenty-five (25) miles an hour for a distance of one-quarter of a mile, such rates of speed shall be prima facie evidence that the person operating such motor vehicle is running at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of the way, or so as to endanger the life or limb or injure the property of any person."

The only claim of negligence was in respect to the speed with which defendant drove his car, though it is not clear that it might not have been broader.

It was not necessary that the state prove every allegation in the indictment, if it prove enough to establish a crime alleged.  It was not necessary to prove that the rate of speed had exceeded 25 miles an hour for one-quarter of a mile, if the evidence was sufficient to otherwise prove culpable negligence.  Section 2635 makes the driving of a motor vehicle at this particular speed for this particular distance, prima facie evidence of an unlawful rate of speed.  But the real prohibition under section 2635 is the driving of a motor vehicle upon a public highway at a speed greater than is reasonable and proper, having regard to the traffic and use of the highway, or so as to endanger the life or limb or injure the property of any person.

4.  Defendant contends that the provisions of section 2635, other than this specific provision as to speed of 25 miles an hour for one-quarter of a mile, are so general in terms as to be unenforceable and void.  We have no doubt of the validity of section 2635.  A statute making it a penal offense to drive a motor vehicle on a public highway "at a speed greater than reasonable and proper, having regard to the traffic and use of the way, or so as to endanger the life or limb or injure the property of any person," is in our opinion sufficiently definite and is a valid statute.  The opinion to the contrary expressed in Hayes v. State, 11 Ga. App. 371, 75 S. E. 523, appears to us to be unsound and we decline to follow it.

5.  We do not wish to be understood as saying that the guilt or innocence of defendant depends upon section 2635.  It does not.  Under subdivision 3 of section 8612, it is the infliction of death by culpable neg-

ligence that constitutes the crime of manslaughter in the second degree. Yet disobedience of section 2635 may constitute culpable negligence, and the court properly read section 8635 to the jury, and properly charged them that, if, at the time the automobile struck Kjelvig, defendant was driving at a speed greater than is reasonable and proper, having regard to the traffic and use of the highway, or so as to endanger life or limb or property, and that the death of Kjelvig was a direct and natural result of the reckless and gross negligence of defendant, then they should find defendant guilty, and that if all the circumstances established a degree of carelessness amounting in itself to a culpable disregard of the rights and safety of others they established criminal negligence.

6. We think the court sufficiently defined manslaughter in the second degree. It was not error to refuse to charge that negligence to be punishable criminally must be "foolhardy." That term is sometimes used in defining culpable or criminal negligence, State v. Lester, 127 Minn. 282, 285, 149 N. W. 297, L.R.A. 1915D, 201, but it is not an indispensable word in the definition. The court's definition was sufficient.

The court, in charging the jury, after referring to the mutual rights of automobile drivers, buggy drivers and pedestrians, said: "Wherever any man uses a dangerous machine, he must guard the exercise of that right with a proper care and due regard for the lives and safety of people who have an equal right to be upon the * * * highways." We see nothing objectionable in this. The rule of the cases cited by defendant's counsel, that an automobile is not "to be classed with such dangerous agencies as dynamite or savage animals," and cannot be regarded as dangerous per se so as to render its owner liable on that ground alone for injury resulting from its use, Parker v. Wilson, 179 Ala. 361, 370, 60 South. 150, 43 L.R.A.(N.S.) 87, and Steffen v. McNaughton, 142 Wis. 49, 124 N. W. 1016, 26 L.R.A.(N.S.) 382, 19 Ann. Cas. 1227, has no application here. See Allen v. Johnson, supra, page 333, 175 N. W. 545. But the use of an automobile is fraught with more danger than the use of some other vehicles and we can see no harm in calling attention to that fact.

Other errors assigned have been carefully examined. In our opinion they present no reversible error and require no special comment.

Judgment affirmed.