UNITED STATES of America, Appellee,

v.

Angelo PROCARIO, Appellant.

No. 403, Docket 30031.

United States Court of Appeals Second Circuit.

Argued June 1, 1966.

Decided June 3, 1966.

See also 2 Cir., 356 F.2d 619 and D.C., 34 F.R.D. 486.

James G. Greilsheimer, Asst. U. S. Atty. for Southern Dist. of New York

(Robert M. Morgenthau, U. S. Atty., Robert E. Kushner and John E. Sprizzo, Asst. U. S. Attys., on the brief), for appellee.

Louis Bender, New York City (Lloyd A. Hale, New York City, on the brief), for appellant.

Before MOORE, SMITH and KAUFMAN, Circuit Judges.

PER CURIAM:

Dr. Angelo Procario appeals from an order of the United States District Court for the Southern District of New York, Edmund L. Palmieri, Judge, affirming the taxation of $3753.68 in costs of prosecution following his conviction of attempting to defeat or evade income taxes in violation of 26 U.S.C. § 7201. Appellant was found guilty on three counts, after a six week trial, largely consisting of the prosecution's case. He was sentenced to a year and a day on each count, to be served concurrently, to a fine of $3000 on each count, and to one-third of the costs on each count. Conviction was affirmed by this court, United States v. Procario, 356 F.2d 614 (2d Cir. 1966).

The government moved pursuant to Rule 54(d) of the Federal Rules of Civil Procedure for the taxation of $4648.52 in costs. The Deputy Clerk allowed $4269.66, reducing certain witness fees. On appeal Judge Palmieri disallowed a $15 filing fee, $426.38 in reproduction costs, and $74.60 of stenographers' fees. The remainder, consisting of $20 in docket fees, $2770.26 in stenographers' fees, for daily copy of the trial transcript, $520.66 for witness fees, and $442.80 for charts and reproduction of records, was allowed. The stenographers' fee of $2770.26 represented 87½ cents per page for 3166 pages of transcript, paid by the government as its share (50%) of the total fee for daily copy. Appellant had paid the other 50%, as he also received daily copy. We find no abuse of discretion in the taxation of costs and affirm the order.

26 U.S.C. § 7201, the statute under which appellant was convicted, expressly provides that the defendant convicted of an attempt to defeat or evade taxes is liable for the costs of prosecution. 28 U.S.C. § 1918(b), furthermore, allows the District Court to tax costs of prosecution "[w]henever any conviction for any offense not capital is obtained." And 28 U.S.C. § 1920 permits "[a] judge or clerk of any court of the United States" to tax special fees including fees for the court reporter for transcripts, for witnesses, and for exemplification and copies of papers.

Appellant claims that § 1920 is inapplicable to criminal matters, and therefore furnishes no authority to tax costs of fees for stenographic services, witnesses, and copying. While there do not appear to be many criminal cases applying § 1920, there ought to be no doubt that the section applies here. Cf. Lee v. United States, 238 F.2d 341 (9th Cir. 1956). § 1918 expressly deals with criminal matters; so does § 1915 (fees *in forma pauperis*), § 1921 (marshal's fees), § 1922 (fees before a U. S. Commissioner), and § 1923 (docket fees). 28 U.S.C. § 753 empowers the stenographer to charge fees in criminal as well as civil matters, for an exception to that power is made for criminal matters *in forma pauperis*. Thus all the fees listed in § 1920, as taxable, are chargeable in both criminal and civil matters. It seems inescapable that § 1920 was designed to be read with, *inter alia*, § 1918 or any statute, such as § 7201, calling for the imposition of costs in a criminal matter.

Appellant suggests that "costs" in § 7201 does not include stenographers' fees. This claim is without merit. § 7201 was designed in this respect to conform "to numerous sections in existing law." The fact that § 7201 had its origins in 1913, prior to the passage, in 1944, of the Court Reporter Act, 28 U.S.C. § 753, does not mean that in enacting § 7201 in 1954 Congress meant to exclude from costs an item then regularly a part of costs of prosecution, as in § 1920(2), and chargeable as a fee, § 753.

Appellant contends that the statute as we read it is invalid as likely to coerce guilty pleas. We doubt that any such result follows, and in any case no such plea was entered here.

The only real question is the exercise of the court's discretion. The court may set aside the taxation of costs only for abuse of discretion. Farmer v. Arabian American Oil Co., 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964), Syracuse Broadcasting Corp. v. Newhouse, 319 F.2d 683, 690 (2d Cir. 1963). The appellant has pointed to no specific abuse here, such as portions of the transcript which need not have been supplied daily. The trial judge is peculiarly in a position to assess the necessity of daily copy and other costs such as the charts used in this six-week long and rather technical case. See United States v. Kolesar, 313 F.2d 835, 840 (5th Cir. 1963). The items and amounts taxed were well within the court's discretion on the showing here. The taxation of costs is affirmed.