# STATE v. ERNEST JOHNSON.

216 N. W. 2d 904.

April 12, 1974—No. 44114.

*Neil B. Dieterich*, for appellant.

*R. Scott Davies*, City Attorney, and *A. Keith Hanzel* and *Philip B. Byrne*, Assistant City Attorneys, for respondent.

Heard before Sheran, C. J., and Otis, Scott, and Knutson, JJ., and considered and decided by the court.

KNUTSON, JUSTICE.*

Defendant was convicted in the municipal court of St. Paul of disorderly conduct and simple assault in violation of city ordinances and was sentenced to 60 days in the Ramsey County Workhouse, 45 days of which were suspended and 15 days of which were to be actually served. He appealed from the municipal court convictions and secured, under Minn. St. 488.20, a trial de novo in the district court. The jury in the district court proceedings found defendant not guilty of simple assault but guilty of disorderly conduct. The judge of the district court sentenced defendant to 60 days in the Ramsey County Workhouse and assessed costs in the sum of $200 under Minn. St. 633.23 and 633.25.

Defendant appeals to this court, requesting that the sentence imposed by the district court be reduced to that imposed by the municipal court and in addition that the assessment of costs against him be vacated.

Three issues are presented: (1) Whether it is constitutionally permissible after trial de novo in district court to impose upon defendant a sentence more severe than that imposed at the prior municipal court proceeding; (2) whether the sentence imposed in district court was improperly more severe because of defendant's juvenile record; and (3) whether assessment of costs against defendant was proper where defendant was convicted of one charge and acquitted of the other.

In State v. Holmes, 281 Minn. 294, 161 N. W. 2d 650 (1968), we held that where a defendant is granted a new trial on appeal, the trial court may not impose a greater sentence after a subsequent conviction than was imposed after the first conviction. Defendant argues that the same rule should prevail where a defendant appeals to the district court from a lower court and there is a trial de novo. We did not base our decision in Holmes

*Retired Chief Justice acting pursuant to Minn. St. 2.724.

on constitutional grounds but instead adopted the rule recommended by the Advisory Committee on Sentencing and Review, A. B. A. Standards for Criminal Justice, Post-Conviction Remedies (Approved Draft, 1968), § 6.3(a), *Commentary*, where we find the following:

"* * * Even though new facts may be brought to light which might occasionally warrant a heavier sentence, the Advisory Committee believes it is preferable to establish a standard that is prophylactic in effect, and easily administered, whereby sentencing judges are not given power to increase a sentence when an applicant has exercised his right to seek a post-conviction remedy. This takes the matter out of the discretion of the sentencing judge."

After our decision in the Holmes case, the Supreme Court of the United States decided North Carolina v. Pearce, 395 U. S. 711, 89 S. Ct. 2072, 23 L. ed. 2d 656 (1969). That court did not hold that it was constitutionally impermissible to impose a more severe sentence after the second trial but instead required that the judge, if such increased sentence were to be imposed, state the reasons for so doing. The court said (395 U. S. 726, 89 S. Ct. 2081, 23 L. ed. 2d 670):

"In order to assure the absence of such a motivation [the trial judge's vindictiveness], we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

In State v. Holmes, *supra,* we expressly excluded from determination the question now posed before us. We said (281 Minn. 303, note 3, 161 N. W. 2d 656):

"We do not decide whether the rule we here adopt applies where a defendant appeals and secures a trial de novo in the district court after a conviction in a justice court * * *.

"In these situations the new trial does not necessarily result from errors occurring at the first trial. Under our statutes a defendant may appeal from a conviction based on a plea of guilty or a finding of guilty and secure a trial de novo notwithstanding the fact he has previously received a fair trial free from error."

Prior to Holmes, in Village of Elbow Lake v. Holt, 69 Minn. 349, 350, 72 N. W. 564 (1897), in an opinion written by Mr. Justice Mitchell, we held:

"* * * When the appeal [from a conviction in justice court of an ordinance violation] is general, upon questions of both law and fact, and the case is tried de novo, and the defendant convicted, the district court may impose any sentence within the limits of the penalty prescribed by the statute or ordinance under which the action is brought. This is so in strictly criminal actions. So, also, in strictly civil actions, when the appeal from justice's court is on questions of both law and fact, the recovery may be for whatever a party proves himself entitled to (at least within the jurisdiction of the justice), regardless of what the judgment was in the justice's court."

Appeals from municipal court are governed by the same statutes as appeals from justice court. Minn. St. 488.20.

The United States Supreme Court in Colten v. Kentucky, 407 U. S. 104, 92 S. Ct. 1953, 32 L. ed. 2d 584 (1972), had occasion to address itself to the issue involved in the case now before us. The court distinguished North Carolina v. Pearce, *supra*, from a case involving a two-tier court system where the second trial is de novo and not a new trial granted on errors at law. Among other things, the court said (407 U. S. 116, 92 S. Ct. 1960, 32 L. ed. 2d 593):

"Our view of the Kentucky two-tier system of administering

criminal justice, however, does not lead us to believe, and there is nothing in the record or presented in the briefs to show, that the hazard of being penalized for seeking a new trial, which underlay the holding of Pearce, also inheres in the de novo trial arrangement. Nor are we convinced that defendants convicted in Kentucky's inferior courts would be deterred from seeking a second trial out of fear of judicial vindictiveness. The possibility of vindictiveness, found to exist in Pearce, is not inherent in the Kentucky two-tier system."

In Chaffin v. Stynchcombe, 412 U. S. 17, 25, 93 S. Ct. 1977, 1982, 36 L. ed. 2d 714, 723 (1973), the Supreme Court clarified its reasons for establishing the Pearce rule as follows:

"* * * [The Pearce] decision, as we have said, was premised on the apparent need to guard against *vindictiveness* in the re-sentencing process. Pearce was not written with a view to protecting against the mere possibility that, once the slate is wiped clean and the prosecution begins anew, a fresh sentence may be higher for some valid reason associated with the need for flexibility and discretion in the sentencing process. The possibility of a higher sentence was recognized and accepted as a legitimate concomitant of the retrial process."

We are inclined to adopt and follow the reasoning of the Supreme Court in Colten. On appeal from municipal court to the district court in a case permitting a trial de novo, the defendant need not show any error in the original trial. Even on appeal on questions of law alone, a trial court after the de novo trial may impose a sentence greater than that originally imposed by the justice court. State v. Hedstrom, 233 Minn. 17, 45 N. W. 2d 715 (1951). As a matter of fact, he may appeal even after a plea of guilty. The trial is in a different court and is not before the same judge who conducted the first trial. Unless there is an actual showing of vindictiveness on the part of a district court judge resulting in his penalizing a defendant for taking the appeal, we think it is clear that the judge of the district court after a trial

de novo may impose such sentence as is within the scope permitted by the statutes or ordinances involved.

■ Defendant next contends that the court improperly took into consideration his juvenile record in imposing a greater sentence than had been imposed by the municipal court. The record fails to show that the judge did so. It is probably true that he was familiar with the juvenile record of defendant, but we see nothing improper in the court's taking into consideration the past conduct of a juvenile in determining what sentence would be proper. How else could he evaluate the past performance of a juvenile who had been in trouble before he came before the court? The records of any juvenile proceedings were not introduced and it does not appear that the district court attached any greater significance to these records than he would to any other evidence showing the past conduct of defendant.

■ The final question is whether the court properly assessed costs against defendant under Minn. St. 633.23 and 633.25. It is the contention of defendant that inasmuch as he was acquitted of the charge of assault by the jury on retrial, he should not have been assessed for all of the costs of trial. However, there is no showing in the record that the evidence would have been any different if he had been tried only on the charge of disorderly conduct. There is no way of allocating the costs of trial between the two separate offenses. We think the court acted within its discretionary power in assessing costs as it did.

Affirmed.