# STATE v. KENNON N. HARRIS.

244 N. W. 2d 733.

July 23, 1976—No. 45619.

*Connolly & Heffernan, John S. Connolly,* and *Thomas J. Barrett,* for appellant.

*Pierre Regnier,* City Attorney, and *Thomas R. Hughes* and *Daniel H. Mabley,* Assistant City Attorneys, for respondent.

Heard before Sheran, C. J., and Rogosheske, Peterson, Kelly, and Yetka, JJ., and reconsidered and decided by the court en banc.

SHERAN, CHIEF JUSTICE.

Appeal from a conviction in a trial de novo in district court, wherein a $25 fine was levied and defendant, Kennon N. Harris, was required to pay part of the costs of prosecution pursuant to Minn. St. 633.23.

Harris was originally convicted in Ramsey County Municipal Court of violating St. Paul's unreasonable acceleration ordinance, St. Paul Legislative Code, § 134.01(5).[1] He appealed, and a jury trial de novo was held pursuant to Minn. St. 488.20 and 488A.27, subd. 6, with the result stated above.[2] In his appeal to this court, Harris challenges the constitutionality of both Minn. St. 633.23 and the St. Paul unreasonable acceleration ordinance.

■ Minn. St. 633.23 reads:

"The appellant shall not be required to advance any fees in claiming or prosecuting his appeal, but, if convicted in the district court, or if sentenced for failing to prosecute his appeal, may be required, as a part of the sentence, to pay the whole or any part of the costs of prosecution in both courts."

Harris argues that this statute violates the equal protection clause because it permits the district court to assess costs against defendants who unsuccessfully appeal municipal court convictions, yet successful appellants are not allowed to recover costs from the state nor may the district court assess costs against indigent defendants even though they, too, unsuccessfully appeal. Harris also argues that this statute violates the due process clause in that it tends to deter the exercise of the right to trial de novo in district court by defendants convicted in municipal court. He argues additionally that the imposition of costs in this case was arbitrary and that its effect is to place a governmental price tag on the exercise of one's rights. We find these arguments unavailing.

The equal protection test to be applied is the familiar "rational basis" standard. As was stated in Fuller v. Oregon, 417 U. S. 40,

[1] Harris was observed by a St. Paul police officer as he accelerated so rapidly from a parked position that his tires squealed as he entered the traffic flow. When Harris subsequently turned at a corner, his tires again squealed. The pavement on both streets was dry.

[2] Trial de novo in district court is no longer available, except in cases where the lower court is presided over by a judge or judicial officer who is not learned in the law. Rule 28.01, Rules of Criminal Procedure.

49, 94 S. Ct. 2116, 2122, 40 L. ed. 2d 642, 652 (1974) : "* * * Our task is merely to determine whether there is 'some rationality in the nature of the class singled out.' " Fuller involved equal protection challenge to an Oregon statute which goes further than the statute here in question.[3] In upholding the Oregon statute, the court wrote:

"* * * This legislative decision reflects no more than an effort to achieve elemental fairness and is a far cry from the kind of invidious discrimination that the Equal Protection Clause condemns." 417 U. S. 50, 94 S. Ct. 2123, 40 L. ed. 2d 652.

As Mr. Justice Douglas noted in his concurring opinion:

"[It is not] a denial of equal protection to assess costs only against those defendants who are convicted. The acquitted defendant has prevailed at trial in defending against the charge brought by the State. It is rational that the State not recover costs from such a defendant while recovering costs from a defendant who has been found guilty beyond a reasonable doubt of the crime that necessitated the trial." 417 U. S. 57, 94 S. Ct. 2126, 40 L. ed. 2d 656.

Since the Oregon statute in Fuller survived equal protection attack, Minn. St. 633.23 must likewise be valid.[4]

As for defendant's due process arguments, no abuse of discretion on the part of the district court appears to have occurred here. The $25 fine was identical to that levied by the municipal

---

[3] The Oregon statute permitted the trial court to require repayment of costs of prosecution by indigent criminal defendants who subsequently become able to pay. Probation could be conditioned on such repayment. Defendants who were not convicted or whose convictions were overturned could not be required to pay costs.

[4] State v. Johnson, 299 Minn. 143, 216 N. W. 2d 904 (1974), impliedly held as much: The convicted appellant causes the appeal to be taken; if he loses, it seems fair and rational that costs be imposed, for the state's expenses in the second prosecution would not have been incurred but for the appeal; and if the municipal court conviction were appealable directly to the supreme court, an unsuccessful appellant would incur taxation of costs unless he were indigent.

court, and only $200 was assessed in costs, even though the average cost of one day of trial in Ramsey County is $380. The facts do not indicate arbitrary action by the district court, and absent such a showing this court will not interfere. State v. Johnson, 299 Minn. 143, 216 N. W. 2d 904 (1974).

To the extent that potential imposition of costs possibly deters trial de novo appeals in cases like this, the assessment of costs of prosecution is but one of many detriments which attach to being found guilty.[5] Here, of course, Harris himself was undeterred, for he appealed his municipal court conviction. Moreover, our rejection of defendant's deterrence argument is consistent with precedent such as United States v. Procario, 361 F. 2d 683 (2 Cir. 1966), a tax evasion case which rejected the contention that the assessment of costs violated due process by tending to coerce guilty pleas.

In sum, we hold that neither the due process clause nor the equal protection clause was violated on these facts by application of § 633.23.

■ Harris challenges St. Paul Legislative Code, § 134.01(5) on the grounds of impermissible presumption and vagueness.

The ordinance reads:

"No person shall start or accelerate any motor vehicle with an unnecessary exhibition of speed on any public or private way within the city limits. Prima-facie evidence of such unnecessary exhibition of speed shall be unreasonable squealing or screeching sounds emitted by the tires or the throwing of sand or gravel by the tires of said vehicle or both."

Section 134.01(5) creates a prima facie presumption which passes constitutional muster if it is based upon a "* * * rational connection between the fact proved and the ultimate fact which

---

[5] Other detriments include: Reduced chances for probation because guilt is proved rather than admitted; more severe penalty, for same reason; restraint in jail and longer wait for disposition of case than individual who "pleads." See, Note, 59 Geo. L. J. 991, 1003.

it purports to presume * * *." State v. Reps, 302 Minn. 38, 51, 223 N. W. 2d 780, 789 (1974). Here, unreasonable squealing of tires was proved; "unnecessary exhibition of speed" was the fact presumed. The pavement was dry; therefore the fact presumed was rationally connected to the fact proved. Because only *unreasonable* squealing of tires activates the statutory presumption, we find the ordinance unobjectionable on this ground.

Defendant's vagueness argument fails to distinguish State v. Goldstone, 144 Minn. 405, 175 N. W. 892 (1920). We have held that a statute or ordinance will be found constitutionally defective on grounds of vagueness only if it "* * * is set out in terms so vague that people of common intelligence have to guess at what it means and if they differ as to its application." State v. Suess, 236 Minn. 174, 180, 52 N. W. 2d 409, 413 (1952). We find merit in the prosecution's point that "unnecessary" speed here means speed greater than that needed to accelerate into the traffic flow. In our view, this ordinance is of a kind described in Colten v. Kentucky: "* * * [C]itizens who desire to obey the statute will have no difficulty in understanding it * * *." 407 U. S. 104, 110, 92 S. Ct. 1953, 1957, 32 L. ed. 2d 584, 590 (1972) quoting Colten v. Commonwealth, 467 S. W. 2d 374, 378 (Ky. App. 1971). We therefore hold that the St. Paul unreasonable acceleration ordinance is not void for vagueness.

For the reasons stated in this opinion, the action of the trial court is affirmed.

Affirmed.

TODD, JUSTICE (concurring specially).

I concur in the conclusion of the majority opinion that the imposition upon an unsuccessful appellant of the costs of prosecution pursuant to Minn. St. 633.23 violates neither the United States nor the Minnesota Constitutions. However, the adverse effect of this statute in terms of deterring defendants from exercising their right to a jury trial de novo following conviction in municipal court (pursuant to Rule 28.01, Rules of Criminal Procedure) presents a substantive matter for remedial action by the

Minnesota Legislature. Such action would be consistent with, and more fully effectuate, one of the purposes of eliminating or restricting the jurisdiction of justice of the peace courts, *viz.*, to correct the historic abuses surrounding the assessment of costs against criminal defendants in those courts. See, Minn. St. 487.35, subd. 1. At a minimum, the successful defendant should be allowed to tax costs against the state. This would eliminate what the American Bar Association Project on Standards for Criminal Justice has criticized as an "unacceptable deterrent to taking appeals." The Commentary to Standard 2.3, Standards Relating to Criminal Appeals, explains:

"Financial considerations are not only relevant to indigent appellants. A defendant who is not impecunious also has a monetary problem of serious dimension if, projecting that he appeals and succeeds in his appeal, he is still left with the costs of the proceeding. The customary rule is that the costs of a proceeding may not be recovered from a state in the absence of a particular provision authorizing such recovery. This certainly can dissuade some defendants from appealing. A study in New York nine years ago, based upon questionnaires sent to practicing lawyers, indicated that appeals were taken in less than one-fourth of criminal cases in which the lawyer thought appeal was desireable. The costs of appeal were the factor deterring the appellants. Willcox, Karlen, & Roemer, *Justice Lost—By What Appellate Papers Cost*, 33 N.Y.U.L. Rev. 934, 936 (1958). Moreover, our usual attitude toward assessment of costs points toward recovery by the prevailing party. Such statutes should exist in all jurisdictions. * * * Alternatively, the costs of preparation of the record might be borne by the state in every case, subject to assessment of costs against a losing defendant-appellant."

ROGOSHESKE, JUSTICE (concurring specially).
I join in the special concurrence of Mr. Justice Todd.

YETKA, JUSTICE (dissenting).
I dissent. Minn. Const. art. 1, § 8, states:

"Every person is entitled to a certain remedy in the laws for

all injuries or wrongs which he may receive to his person, property or character, *and to obtain justice freely and without purchase,* completely and without denial, promptly and without delay, conformable to the laws." (Italics supplied.)

I would hold that imposing penalties and costs, as was done here, is a violation of the provision of our constitution quoted above regardless of whether it does or does not violate the United States Constitution.