STATE of Minnesota, Appellant,

v.

Steven James DOMKE, Respondent.

No. CO–86–626.

Court of Appeals of Minnesota.

Aug. 26, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Frederick Suhler, Jr., Rochester City Atty., Jodi Williamson, Asst. City Atty., Rochester, for appellant.

Steven Rolsch, Patterson-Restovich Law Offices, Rochester, for respondent.

Considered and decided by SEDGWICK, P.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Appellant was arrested for accelerating with an unnecessary display of speed in violation of a Rochester ordinance. He moved that the charges be dismissed because the ordinance was unconstitutionally vague. The trial court granted the motion and the state appeals. We reverse.

## FACTS

On November 29, 1984, respondent Steven James Domke was arrested for unnecessary display of speed, in violation of a Rochester ordinance which states

> No person shall start or accelerate any motor vehicle with unnecessary exhibition of speed on any public or private way. Prima facie evidence of such unnecessary exhibition of speed shall be the unreasonable squealing or screeching sounds emitted by tires or the throwing of sand and gravel by the tires of said vehicle or both.

Rochester Code of Ordinances, § 130.02. Respondent moved the court to dismiss the charge because the ordinance was unconstitutionally vague. The trial court found the ordinance unconstitutionally vague and granted this motion. From this decision, the state appeals.

## ISSUE

Is the Rochester ordinance prohibiting unnecessary displays of speed unconstitutionally vague?

## ANALYSIS

An ordinance is unconstitutionally vague only if on its face it is so vague that persons of common intelligence have to guess at its meaning and differ as to its application. *State v. Northwest Poultry & Egg Co.*, 203 Minn. 438, 440, 281 N.W. 753, 754 (1938). Absolute certainty is not required and it is unnecessary that there be mathematical precision in the statement of the conduct disapproved. *State v. Suess*, 236 Minn. 174, 180, 52 N.W.2d 409, 414 (1952). The ordinance must be definite enough to give notice of the conduct prohibited; it must be sufficiently definite to guide the judge in its application and the attorney in defending a person charged with its violation, and no more than a reasonable certainty can be demanded. *Id.* at 179, 52 N.W.2d at 413.

In *State v. Harris*, 309 Minn. 395, 244 N.W.2d 733 (1976), the defendant challenged the constitutionality of St. Paul's unreasonable acceleration ordinance. The St. Paul ordinance is nearly identical to the Rochester ordinance. The Supreme Court found the St. Paul ordinance constitutional. The court interpreted the ordinance to prohibit "speed greater than that needed to accelerate into the traffic flow." *Id.* at 399, 244 N.W.2d at 736. As the court stated "citizens who desire to obey the statute will have no difficulty in understanding it." *Id.* (quoting *Colten v. Kentucky*, 407 U.S. 104, 110, 92 S.Ct. 1953, 1957, 32 L.Ed.2d 584 (1972)).

In the present case the trial court dismissed *Harris*, stating that the major issue in that case was whether the district court could impose costs on appeal. The trial court disregarded the court's ruling on the constitutionality of the ordinance, stating that compared to the first issue, the issue of vagueness was "probably relatively insignificant." Whether or not the first issue was more important, the fact remains that the supreme court in *Harris* found an almost identical ordinance constitutional. The trial court cannot refuse to follow the supreme court's clear holding because the case contains another issue.

Following the *Harris* decision, we find the Rochester ordinance constitutional. The two ordinances are virtually identical. They both prohibit "unnecessary exhibition of speed," which includes unreasonable squealing or screeching sounds emitted by the tires or the throwing of sand or gravel by the tires of the car. Although reasonable people may differ in applying this ordinance in close cases, people of common intelligence do not have to guess at the ordinance's meaning and they would not

differ as to its application in most instances.

## DECISION

Because the Rochester ordinance is not unconstitutionally vague, we reverse.

Reversed.