### STATE v. DANIEL ACKERLEY.

207 N. W. 2d 272.

April 27, 1973—No. 43280.

*C. Paul Jones,* State Public Defender, and *Craig R. Anderson,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Otis, Kelly, and Schultz, JJ.

PER CURIAM.

Defendant appeals from a conviction for unlawful possession of marijuana and lysergic acid amide (LSD). He was sentenced on July 13, 1971, to a term not exceeding 20 years and paroled on May 26, 1972. The issues are whether the evidence should have been suppressed and whether the trial court in sentencing defendant was bound by an unaccepted offer by the state to recommend probation in return for a plea of guilty.

On June 4, 1971, at about 8 p. m., the Minneapolis police were called to the intersection of Fifth Street and Cedar Avenue South to quell a disturbance. One of the officers observed defendant remove from his jacket a brown bag and place it on the sidewalk and cover it with his jacket. Another officer attempted to arrest defendant who broke away and ran several blocks before being apprehended. He was searched and marijuana was found on his person. Subsequently, the contents of the bag he left on the sidewalk were found to be marijuana and LSD.

Defendant complains that the evidence found on his person should not have been received in evidence since the officers had neither an arrest warrant nor a search warrant. We need not decide the merits of this contention. Although defendant was apprehended while violating Minneapolis Code of Ordinances, §§ 854.060 and 4.010, which prohibit drinking beer on a public sidewalk,[1] the offense was a petty one, not unlike that which prompted the search we held improper in State v. Curtis, 290 Minn. 429, 190 N. W. 2d 631 (1971).[2] The evidence thus obtained was only cumulative, however, since it is undisputed that the bag which defendant placed on the sidewalk contained both marijuana and LSD.

The state offered to recommend probation if defendant pled guilty. He declined to do so and now asserts that under the rule adopted in State v. Holmes, 281 Minn. 294, 161 N. W. 2d 650 (1968), the court was limited to the sentence proposed by the state. This contention is patently fallacious. No plea agreement was reached to bind the court, and no prior sentence had been imposed to make the Holmes rule applicable. The judgment of conviction is accordingly affirmed.

Affirmed.

---

[1] Minneapolis Code of Ordinances, § 854.060, states in part: *"Drinking on Highways.* No beer shall be sold or served for consumption, or consumed, upon any public highway or in any vehicle upon any public highway."

Minneapolis Code of Ordinances, § 4.010, defines street as: "Any public way, highway, street, avenue, boulevard, alley or other public thoroughfare. Each of said words shall include the others, and if the context permits, shall also include 'sidewalks.'"

[2] See, also, State v. Cross, 296 Minn. 16, 206 N. W. 2d 371 (1973).