**STATE of Minnesota, Respondent,**

v.

**Robert Earl SCOTT, Appellant.**

**No. 48293.**

Supreme Court of Minnesota.

March 30, 1979.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief Asst. County Atty., App. Div., and David W. Larson, Asst. County Atty., Minneapolis, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of soliciting or inducing a person under age 18 to practice prostitution, Minn.St. 609.32, subd. 2(1), and was sentenced by the trial court to a maximum term of 10 years in prison. On this appeal from judgment of conviction defendant contends that the evidence of guilt was legally insufficient and that the trial court committed prejudicial error in refusing a jury request to review evidence. We affirm.

There is no merit whatever to defendant's contention that the evidence was legally insufficient.

Defendant's other contention relates to the trial court's refusal of a request by the jury to have the court reporter reread the entire trial testimony of the chief prosecution witness and defendant.

This issue is governed by Rule 26.03, subd. 19(2), Rules of Criminal Procedure, which provides as follows:

"1. If the jury, after retiring for deliberation, requests a review of certain testimony or other evidence, the jurors shall be conducted to the courtroom. The court, after notice to the prosecutor and defense counsel, may have the requested parts of the testimony read to the jury and permit the jury to re-examine the requested materials admitted into evidence.

"2. The court need not submit evidence to the jury for review beyond that specifically requested by the jury, but in its discretion the court may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested."

In this case the court concluded that the jury's request was an unreasonable one. In effect, the jury wanted the reporter to reread testimony which in the transcript on appeal occupies approximately 115 pages, nearly half of the total trial testimony. While there may be cases in which such a request would be reasonable, in this case the trial court did not abuse its discretion in concluding that the request was unreasonable and in denying it. Further, we note that the trial court made it clear to the jury that a more specific request might be honored. Finally, we underline the fact that the trial court stated that both attorneys agreed with the ruling. We must assume the accuracy of this statement because neither counsel objected to it.

Affirmed.