STATE of Minnesota, Respondent,

v.

**Michael Dale EILOLA, Appellant.**

No. 49621.

Supreme Court of Minnesota.

Feb. 15, 1980.

William R. Kennedy, Hennepin County Public Defender, and Patrick J. Sullivan, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, App. Div., David W. Larson, and Thomas A. Weist and Janeen E. Rosas, Asst. County Attys., Minneapolis, for respondent.

C. Paul Jones, Public Defender, and Ronald L. Haskvitz, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, David W. Larson, and Thomas A. Weist and Janeen E. Rosas, Asst. County Attys., Minneapolis, for respondent.

ROGOSHESKE, Justice.

This is an appeal from a judgment of conviction of aggravated criminal damage to property, Minn.Stat. § 609.595, subd. 1(3) (1978) (intentionally causing damages in excess of $300). Defendant, sentenced to a 5-year prison term, contends on this appeal (1) that the evidence was legally insufficient both on the issue of intent and damages, (2) that the trial court erred in allowing him to act as his own attorney without inquiring more thoroughly into whether the waiver of counsel was knowing, intelligent, and voluntary, and (3) that the trial court prejudicially abused its discretion in refusing a jury request for a transcript of the entire trial testimony or for a rereading of defendant's testimony.

■■■ There is no merit to defendant's contention relating to the adequacy of the evidence against him. Defendant's contention relating to waiver of counsel is answered by our decision in State v. Jones, 266 N.W.2d 706 (Minn.1978), in which we discuss the relevant principles in detail. Here, as there, we are satisfied that the record as a whole supports the conclusion that defendant's waiver of counsel was knowing,

voluntary, and intelligent. Defendant's final contention, that the trial court abused its discretion, concerns denial of a jury request that defendant's testimony be reread, a request reasonable and sufficiently specific so that the trial court should have granted it. See State v. Scott, 277 N.W.2d 659 (Minn.1979). We are unwilling to conclude, however, after reading the record, that the trial court prejudicially abused its discretion in denying the request.

Affirmed.