**STATE of Minnesota, Respondent,**

v.

**James Montgomery SPAULDING, Appellant.**

**No. 49618.**

Supreme Court of Minnesota.

Aug. 29, 1980.

C. Paul Jones, Public Defender, Michael F. Cromett and Robert Streitz, Asst. Public Defenders, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, App. Section, David W. Larson and Toni A. Beitz, Asst. County Attys., Minneapolis, for respondent.

Heard before KELLY, TODD, and WAHL, JJ., and considered and decided by the court en banc.

WAHL, Justice.

Defendant appeals from his conviction by a Hennepin County jury of aggravated assault and felon in possession of a pistol.[1] He was sentenced to three to five years on the aggravated assault conviction. Defendant raises the following issues on appeal: (1) whether he was denied his constitutional right to due process of law when the State reinstated two charges in the complaint on retrial after the defendant successfully set aside his conviction; (2) whether the State violated Minn.Stat. § 609.035 (1978) by reinstating two charges in the complaint on retrial after the defendant successfully set aside his conviction; (3) whether the evidence was sufficient to support defendant's conviction for aggravated assault and felon in possession of a pistol; (4) whether the prosecutor committed reversible error in his final argument; and (5) whether the trial court committed reversible error in its instructions to the jury. We reverse and remand for a new trial.

1. Defendant first argues that he was denied due process of law because the State was allowed to reinstate two charges in the complaint on retrial after he had successfully set aside his conviction on appeal. A resolution of this issue requires discussion of the procedural history of the case.

The incident from which defendant's convictions arose occurred on April 25, 1977. Defendant was charged initially with aggravated robbery, aggravated assault, and felon in possession of a pistol. On July 15, 1977, the attorney for the State and defendant's attorney negotiated an agreement which resulted in a dismissal of the counts of aggravated robbery and aggravated assault, with the defendant being tried to the court on stipulated facts on the charge of felon in possession of a pistol. He was

---

1. Minn.Stat. § 609.225, subd. 2 (1978) provides as follows:

"Whoever assaults another with a dangerous weapon but without inflicting great bodily harm may be sentenced to imprisonment for not more than five ·years or to payment of a fine of not more than $5,000, or both." [This statute has been recodified at Minn.Stat. § 609.-222 (Supp.1979).]

Minn.Stat. § 624.713, subd. 1 (1978) provides: "The following persons shall not be entitled to. possess a pistol: * * *"

(b) A person who has been convicted in this state or elsewhere of a crime of violence * *."

Subd. 2 provides: "A person named in subdivision 1, clause (b) who possesses a pistol is guilty of a felony. * * *"

found guilty by the Hennepin County District Court and sentenced to a term of 0 to 5 years. This conviction was set aside by the court in September 1977, on a petition for post-conviction relief, on the ground that defendant had not properly waived his right to a jury trial. The State subsequently moved to reinstate the previously dismissed counts of aggravated robbery and aggravated assault, which motion was granted. The County Attorney offered to again dismiss the counts of aggravated robbery and aggravated assault if the defendant would either plead guilty to the charge of felon in possession of a pistol or agree to have it tried to a court on stipulated facts. Defendant rejected the offer and was convicted by the jury on two of the three counts and sentenced on one of them.

Defendant argues that the reinstatement of the two charges after his successful appeal in effect penalized him for exercising his constitutional right to a jury trial. He relies on *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), and *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), to support his position.

The United States Supreme Court in *North Carolina v. Pearce* held that whenever a judge imposes a more severe sentence on a defendant after a new trial conducted because his previous conviction was set aside, due process requires that reasons for the more severe sentence must affirmatively appear, based on objective information in the record. Otherwise, the defendant's fear of retaliatory motivation on the part of the sentencing judge might chill his right to appeal.

In *Blackledge v. Perry*, the defendant exercised his statutory right to a trial *de*

*novo* after conviction of a misdemeanor in a lower court. After filing his notice of appeal, but before the trial *de novo*, the prosecutor obtained an indictment charging the defendant with a felony based on the same conduct which underlay the misdemeanor charge. The court held that due process requires that a person convicted of an offense is entitled to pursue his statutory right to a trial *de novo* without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration. 417 U.S. at 28, 94 S.Ct. at 2102. The court noted, however, that due process is not violated wherever increased punishment is a possibility upon retrial after appeal, but only where there is a "realistic likelihood of 'vindictiveness,' "[2] such as in the case that was before the court. 417 U.S. at 27, 94 S.Ct. at 2102.

These cases make clear that a defendant may not be given a greater sentence after retrial on the same charges, where the possibility of vindictiveness is strong. In the instant case, however, there is little possibility of vindictiveness. The prosecutor did not file new, more serious charges after the appeal; he reinstated the charges from the original complaint. Moreover, he offered the defendant the same "deal" before the second trial as he had before the first trial, but the defendant refused the offer.

The State relies on several federal cases holding that no due process violation occurs when the state reinstates counts after defendant's guilty plea is set aside or withdrawn by the defendant, which counts were previously dismissed pursuant to the guilty plea. Those cases rely on the "possibility of vindictiveness" test and hold that there can

**2.** The court relied on two other cases adopting the "possible vindictiveness" test, *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973), and *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972). The court held in *Chaffin* that due process does not bar a jury from rendering a higher sentence on retrial following a reversal

of a prior conviction, because there is so little potential for vindictiveness in jury sentencing. The court held in *Colten* that Kentucky's two-tiered system for prosecuting misdemeanors, which allowed for a possible greater penalty after an appeal and a trial *de novo*, was constitutional because there was no possibility of vindictiveness inherent in it.

be no appearance of vindictiveness under these circumstances because after the guilty plea is set aside and the original counts reinstated, the State and the defendant are placed in the same positions they were in before the plea bargain was accepted. *See Chapman v. Estelle,* 593 F.2d 687 (5th Cir. 1979); *United States v. Osborne,* 591 F.2d 413 (8th Cir. 1978), *cert. denied,* 440 U.S. 973, 99 S.Ct. 1539, 59 L.Ed.2d 791 (1979); *United States v. Johnson,* 537 F.2d 1170 (4th Cir. 1976); *United States v. Anderson,* 514 F.2d 583 (7th Cir. 1975); *Arechiga v. Texas,* 469 F.2d 646 (5th Cir. 1972), *cert. denied,* 414 U.S. 932, 94 S.Ct. 236, 38 L.Ed.2d 162 (1973); *United States v. Rines,* 453 F.2d 878 (3rd Cir. 1971); *United States ex rel. Williams v. McMann,* 436 F.2d 103 (2d Cir. 1970), *cert. denied,* 402 U.S. 914, 91 S.Ct. 1396, 28 L.Ed.2d 656 (1971); *Sefcheck v. Brewer,* 301 F.Supp. 793 (S.D.Iowa 1969). These decisions establish a distinction between defendants who were convicted and received a greater sentence for the same offense on retrial and those defendants who pled guilty, withdrew their plea, and received a greater sentence on conviction for the more serious charges originally brought.[3]

This distinction is also present in the few Minnesota cases dealing with the same issue. In *State v. Holmes,* 281 Minn. 294, 161 N.W.2d 650 (1968), this court held that the imposition of a longer sentence after a new trial and second conviction for the same offense was a violation of public policy.[4] In *Beltowski v. State,* 289 Minn. 215, 183 N.W.2d 563 (1971), the defendant was charged with burglary, permitted to plead guilty to a lesser included offense, and was

sentenced. Later, after the defendant successfully moved to withdraw his guilty plea, the original charge was reinstated. On conviction, defendant received a greater sentence than for the lesser charge, which he claimed violated due process. This court disagreed, stating:

> Here petitioner, permitted as he was to be relieved from the consequences of his plea agreement, now insists that the prosecution be held to the sentence for the lesser charge for which he successfully negotiated. To do so would permit a defendant to use his plea of guilty as a tactical device to limit the charge which could be brought against him. This is not a case where a greater charge was reinstated or increased punishment imposed after a reversal of a conviction on appeal. *State v. Holmes,* 281 Minn. 294, 161 N.W.[2d] 650. Nor is there any evidence that the 10-year sentence resulted from any vindictiveness on the part of the sentencing court because petitioner was afforded his election to stand trial. It is simply a case where petitioner refused to be bound by his plea agreement, thereby justifying the court in reinstating the original charge so as to place the parties in the positions which existed prior to the plea agreement.

289 Minn. at 220, 183 N.W.2d at 566. *See also State v. Ackerley,* 296 Minn. 495, 207 N.W.2d 272 (1973), where we held that the *Holmes* rule did not apply to limit defendant's final sentence where the State offered a limited sentence in exchange for a plea of guilty but the defendant declined the offer, went to trial, and was convicted.

The defendant here did not receive a greater sentence after retrial on the *same*

---

3. In *Corbitt v. New Jersey,* 439 U.S. 212, 223–24, 99 S.Ct. 492, 500, 58 L.Ed.2d 466 (1978), the United States Supreme Court reaffirmed that "withholding the possibility of leniency" from those defendants who go to trial rather than plead "cannot be equated with impermissible punishment as long as our cases sustaining plea bargaining remain undisturbed."

4. Subsequently, in *State v. Johnson,* 299 Minn. 143, 216 N.W.2d 904 (1974), we held that after a trial *de novo* in the district court on appeal

from a conviction in lower court, the district court may impose a sentence greater than that imposed by the lower court, absent an actual showing of vindictiveness. In *State v. Alexander,* 290 N.W.2d 745 (Minn.1980), we held that where there is no possibility of vindictiveness, the amendment of a complaint after mistrial, adding new counts to an original charge, does not constitute a denial of due process. 290 N.W.2d at 748–49.

offense, nor did the prosecutor substitute, after reversal on appeal, more serious charges than were originally brought. The State merely reinstated the charges from the original complaint and offered the defendant the same deal he had been offered before the first trial. Defendant, in effect, accepted a plea bargain which was set aside by his appeal, thereby returning the parties to their original positions. We can find no indication of judicial or prosecutorial vindictiveness on the record before us, and therefore we find no due process violation.

■ 2. Defendant further contends that the reinstatement of the two charges on retrial after his successful appeal violates Minn.Stat. § 609.035 (1978). That statute provides:

> Except as provided in section 609.585 [burglary], if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts.

Defendant's conviction of both aggravated assault and pistol possession was permissible under the statute, and his sentence for only one of these convictions was proper. Defendant contends, however, that the State waived its right to prosecute him on the dismissed charges by proceeding to trial initially on the pistol possession charge.

Only a prior conviction or acquittal bars prosecution for other offenses arising out of a single behavioral incident. *State v. Simon*, 275 N.W.2d 51 (Minn.1979); *State v. Gaulke*, 281 Minn. 327, 161 N.W.2d 662 (1968). Defendant's first conviction, which was set aside on appeal, was never a final conviction under the statute so as to bar the State's prosecution of the other offenses arising out of the same conduct. Therefore, defendant's arguments under Minn.Stat. § 609.035 must fail.

3. Defendant maintains that the evidence was insufficient to support his conviction for felon in possession of a pistol because the State failed to prove that the pistol was operable and/or that its possession was not justified. He also argues that the conviction for aggravated assault must be vacated because the State failed to prove that defendant did not act in self-defense.

■ We need not decide whether, in order to convict the defendant of the pistol possession charge, the State was required to prove that the pistol was operable, because there were sufficient facts presented at trial which tended to show that it was, in fact, operable. The gun was loaded. The defendant claimed he was afraid he would be killed when he first saw the gun. The defendant also testified he was afraid to drop it on the sidewalk once the police arrived, because if it fired, the police would shoot him. The gun was received into evidence so the jury could inspect it. Finally, defendant introduced no evidence tending to show inoperability.

■ The more difficult questions are whether there was sufficient evidence to prove that the defendant did not act in self-defense and whether the evidence was sufficient to prove that defendant's possession of the gun was not justified. The State must prove beyond a reasonable doubt that the defendant did not act in self-defense, once the defense is raised. *State v. White*, 295 Minn. 217, 225, 203 N.W.2d 852, 858 (1973). To do so, the State must disprove at least one of the following elements of self-defense: (1) the absence of aggression or provocation on the part of the defendant; (2) the actual and honest belief of the defendant that he was in imminent danger of death or great bodily harm and that it was necessary to take the action he did; and (3) the existence of reasonable grounds for such belief. *State v. Johnson*, 277 Minn. 368, 373, 152 N.W.2d 529, 532 (1967).

■ The record indicates that in the early evening of April 25, 1977, Sandra Ander-

son backed into the car defendant had borrowed from a friend when she was attempting to pull out of a parking space. Defendant, who is a felon, and who did not have a gun in his possession, crossed the street with two friends to question Anderson about the accident. Anderson's companion, Leon Kirby, a drug dealer whom defendant had known in Stillwater Prison as a dangerous man who always carried a gun, got out of Anderson's car and drew a gun from under his jacket. In the ensuing fight for possession of the weapon, defendant prevailed. The fight continued briefly until Kirby fled the scene with minor injuries, throwing some live cartridges into a flower box as he ran. Although we have little doubt that the defendant's initial reaction in taking the gun from Kirby was in self-defense, the closer questions are whether the defendant, even if justified in wresting the gun away from Kirby, continued his aggression beyond the limits of self-defense or his possession of the pistol beyond justifiable possession. Defendant admits that twice during the incident the gun was pointed at Kirby but claims this was a reasonable action of self-defense. The evidence was conflicting as to how long defendant continued beating Kirby once he wrested the gun away from him. Furthermore, defendant did not rid himself of the gun once he had gotten possession of it and Kirby had left the field of battle. There was testimony that at one point one of defendant's friends had possession of the gun but when the police arrived on the scene minutes later and ordered defendant from his car, he was holding the gun in his hand, holding it, according to his testimony, by the barrel. Considering that the entire incident lasted no more than 15 minutes, defendant's conduct and possession of the gun does not seem unreasonable. The jury, however, the finder of fact, evidently found that the defendant's actions after obtaining the gun from Kirby were not justified either as to self-defense or possession.

When the sufficiency of the evidence is raised on appeal, this court's scope of review is limited to determining whether, viewing the evidence in the light most favorable to the jury verdict, the jury could reasonably have found the defendant guilty of the crime charged. *State v. Swain,* 269 N.W.2d 707, 712 (Minn.1978). Given this limited scope of review on fact questions, we must affirm defendant's conviction unless we determine that substantial trial errors occurred which require reversal.

4. Defendant maintains that the prosecutor made several improper and prejudicial remarks to the jury in his final argument. None of these comments was objected to below by counsel; and, therefore, in the usual case the objection is waived. *State v. Flom,* 285 N.W.2d 476 (Minn.1979). However, because this case is a close one, it is appropriate to determine whether the prosecutor erred and, if so, whether his misconduct likely played a substantial part in influencing the jury to convict. *State v. Caron,* 300 Minn. 123, 218 N.W.2d 197 (1974).

Defendant argues that the prosecutor misled the jury regarding its duties and the State's burden of proof, improperly commented on the defendant's credibility, and improperly interjected broader issues than defendant's guilt or innocence into his argument. It is improper for the prosecutor to inject into closing argument his personal opinion about the veracity of a witness or the guilt or innocence of the defendant. *State v. Williams,* 297 Minn. 76, 210 N.W.2d 21 (1973); *State v. Jones,* 277 Minn. 174, 152 N.W.2d 67 (1967). Nor may counsel introduce issues broader than the guilt or innocence of the accused into his argument. *State v. Clark,* 291 Minn. 79, 189 N.W.2d 167 (1971); *State v. Gaulke,* 281 Minn. 327, 161 N.W.2d 662 (1968). Although the prosecutor's comments in the instant case were in some measure improper, our review of the record persuades us that those comments were unlikely to have played a substantial part in influencing the jury's verdict.

■ 5. Defendant urges error in the trial court's instructions to the jury. Defendant requested that the court instruct the jury that self-defense is a defense to aggravated assault and felon in possession of a pistol. The court instructed the jury on self-defense with respect to the aggravated robbery and aggravated assault charges. No instruction on self-defense was given with respect to the pistol possession charge, but the court instructed the jury on justification or necessity as follows:

> If you find that the defendant obtained a pistol in defense of himself or another, that is justified and the defendant has not violated this law. However, once the necessity for his possession is reasonably over he no longer may possess the pistol. It is for you to determine if continued possession is reasonably justified.

At the end of its instructions to the jury, the court asked counsel whether they had any objections or corrections to make, and defendant made none.

Defendant argues first that the court's instruction on necessity was confusing because it failed to give the jury any guidance in defining necessity and failed to inform them that the State had the burden to establish beyond a reasonable doubt that defendant's possession was not justified. He also argues that the court's failure to instruct the jury on self-defense for the pistol possession charge was reversible error.

Instructions to the jury should be considered as a whole. *State v. Columbus*, 258 N.W.2d 122 (Minn.1977). Taking all of the court's instructions together, the charge was sufficient to convey to the jury that the State must prove defendant's guilt beyond a reasonable doubt on every element of the offense, including proof beyond a reasonable doubt that defendant's possession of the gun was not justified. The court instructed the jury as to the presumption of innocence, that the defendant need not prove his innocence, and that the State must prove defendant's guilt beyond a reasonable doubt. The court also told the jury that whatever evidence was offered, the State retained the burden of proof beyond a reasonable doubt. The State's burden was mentioned again with respect to each of the offenses and with respect to the defense of self-defense. Finally, the court instructed the jury that it was proper for them to find the defendant not guilty unless they were convinced he was guilty beyond a reasonable doubt. Although the court did not elaborate on the meaning of "necessity," defendant offered no specific suggestions as to how the court's instruction could have been improved, and the instruction was not complex or confusing. Moreover, we find no error in the court's failure to instruct on self-defense on the pistol possession charge where an instruction on justification mentioning self-defense was given and the defendant did not object to that instruction at the time of trial.

■ Lastly, defendant argues that the court abused its discretion by instructing the jury that no testimony would be reread and by refusing to consider the jury's request to read defendant's testimony. Before the jury began its deliberations, the court told the jury that they must rely on their memory of the evidence because no testimony would be read to them. After more than nine hours of deliberation, the jury sent the court a note saying, "We are deadlocked in disagreement in what the law is and in the testimony of the defendant. We ask you to clarify these matters for us if you can." The court's response was, "I think I've explained to you that we weren't going to reread any testimony, but if you would like me to reread some law?" After the jury had deliberated for a total of about 15 hours, they returned to court, stating that they were deadlocked. After rereading an instruction on the jury's duty to attempt to reach a decision, the jury was allowed to continue its deliberations. Less than an hour later, they reached a verdict.

Rule 26.03, subd. 19(2) of the Minnesota Rules of Criminal Procedure provides as follows:

1. If the jury, after retiring for deliberation, requests a review of certain testimony or other evidence, the jurors shall be conducted to the courtroom. The court, after notice to the prosecutor and defense counsel, may have the requested parts of the testimony read to the jury and permit the jury to re-examine the requested materials admitted into evidence.

2. The court need not submit evidence to the jury for review beyond that specifically requested by the jury, but in its discretion the court may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.

Whether or not to grant a jury's request for a reading of trial testimony is within the discretion of the trial court. In *State v. Scott*, 277 N.W.2d 659 (Minn.1979), this court upheld the trial court's conclusion that the jury's request for rereading of nearly half of the total trial testimony was unreasonable. Similarly, in *State v. Schluter*, 281 N.W.2d 174 (Minn.1979), we held that it was not error for the trial court to refuse to give the jury a transcript which amounted to over one-third of the entire trial testimony.

Defendant's testimony covered 35 pages out of approximately 393 pages of testimony. The trial court did not attempt to narrow the jury's request to specific parts of the testimony. He categorically refused to honor any requests for rereading evidence. In fact, the court refused to exercise its discretion at all by determining at the outset of deliberations, and before any requests from the jury, that *no* testimony would be reread. Under the circumstances of this case, the trial court abused its discretion to the defendant's prejudice. The effect of the court's inaction was to force the jury to decide the case on the basis of sketchy memory of the evidence. The error was especially prejudicial since the requested testimony was the testimony of the defendant, the witness who most clearly presented evidence supporting the claim of self-defense. Defendant's testimony went to the core of the case, and it is clear from the record that the jury needed assistance. Under these circumstances, even though the defendant failed to object at trial, the trial court committed prejudicial error by refusing the jury's request in such a close case. Justice requires a new trial. *See People v. Butler*, 47 Cal.App.3d 273, 120 Cal.Rptr. 647 (1975); *LaMonte v. State*, 145 So.2d 889 (Fla.App.1962).

Reversed and remanded for a new trial.

KELLY, J., took no part in the consideration or decision of this case.

AMDAHL, J., not having been a member of this court at the time of argument and submission, took no part in the consideration or decision of this case.