STATE of Minnesota, Respondent,

v.

Randolph Lloyd ROY, Appellant.

No. 51271.

Supreme Court of Minnesota.

April 24, 1981.

C. Paul Jones, Public Defender, Mary Steenson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert W. Johnson, County Atty., Robert A. Stanich, Asst. County Atty., Anoka, for respondent.

AMDAHL, Justice.

Defendant was found guilty by a district court jury of two counts of burglary, Minn. Stat. § 609.58, subds. 2(1)(b) and 2(2) (1978), and was sentenced by the trial court for the less serious of the two offenses to a maximum prison term of 10 years. On this appeal from judgment of conviction, defendant contends that the trial court prejudicially erred in denying the pretrial motion to suppress and also that the trial court coerced the verdicts. We affirm.

The charges arose from defendant's participation with two other men in the burglary of a dwelling in which other people were present at the time. One of these victims chased defendant and the others to a near-by apartment building, where one of the burglars resided. The police arrived shortly thereafter and conducted an on-the-scene showup. The victim who gave chase identified defendant as the man he had seen in the apartment and as one of the two he had seen during the chase. A search of defendant incident to his arrest resulted in the discovery of a steak knife positively identified as a knife taken from the burgled apartment.

Defendant's first contention, that the police did not have probable cause to arrest him and that therefore the search incident to this arrest was illegal, is meritless.

A consideration of all the factors relevant to the identification procedures used convinces us that there was no "very substantial likelihood of irreparable misidentification", *Manson v. Brathwaite*, 432 U.S. 98, 116, 97 S.Ct. 2243, 2254, 53 L.Ed.2d 140 (1977) and *Neil v. Biggers*, 409 U.S. 188, 197, 93 S.Ct. 375, 381, 34 L.Ed.2d 401 (1972), and therefore we conclude that the trial court did not err in admitting the eyewitness identification testimony.

Defendant's contention that the trial court coerced the verdicts is based on a misreading of a statement which the trial court made to the jury shortly before the jury reached the verdicts. Suffice it to say, defense counsel at trial not only did not object to the way the trial court instructed the jury—something he presumably would have done if the instruction had been coercive—but gave express advance approval to the statement which the trial court made.

Affirmed.