**STATE of Minnesota, Respondent,**

v.

**Cornelius LeRoy RICHARDSON,
Appellant.**

**No. C4–82–1348.**

Supreme Court of Minnesota.

May 6, 1983.

C. Paul Jones, Public Defender, and Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

SIMONETT, Justice.

Defendant was found guilty by a district court jury of charges of criminal sexual conduct in the first and third degrees, Minn. Stat. §§ 609.342(a) and 609.344(c) (1982), based on the same behavioral incident involving a single victim. The trial court sentenced defendant to 50 months in prison, which is the shortest term within the presumptive sentence range for criminal sexual conduct in the first degree (severity level VIII offense) by a person with defendant's criminal history score (one). On this appeal from judgment of conviction and from an order denying a motion for a new trial, defendant argues that he should be given a new trial because (a) the trial court improperly and prejudicially responded to questions by the jury during jury deliberations without notifying counsel and (b) the trial court prejudicially erred in refusing a defense request to submit criminal sexual conduct in the second and fourth degrees as lesser-included offenses of the criminal sexual conduct in the first and third degrees. Alternatively, defendant seeks at least a vacation, pursuant to Minn.Stat. § 609.04 (1982), of his conviction of criminal sexual conduct in the third degree. We hold that defendant is not entitled to a new trial but that he is entitled to the vacation of his conviction of criminal sexual conduct in the third degree.

The victim in this case was an 11-year-old girl. Defendant took her into an empty apartment and made her submit first to vaginal penetration and then to fellatio, ejaculating in the victim's mouth. The girl promptly reported the offense to her sitter and then to her mother, who in turn called police. Police found a stain on the carpet where the acts occurred, and scientific analysis found the presence of semen and sperm in the stain. A medical examination of the victim corroborated her claim of partial vaginal penetration.

Defendant claimed that the victim followed him into the apartment, that she initiated sexual contact with him, and that he rebuffed her. He denied that he touched her or penetrated her in any way.

1. Defendant's claim that he was denied a fair trial is based on (a) the trial court's refusal to submit, as lesser-included offenses, criminal sexual conduct in the second and fourth degrees and (b) the trial court's responding to questions by the jury without notifying counsel or allowing counsel to be present.

■ (a) Defendant's request for submission of lesser offenses was based on state's evidence concerning the contents of a statement defendant made to police. Although defendant contested the accuracy of the state's witness' summary of his statement, defense counsel argued that the statement provided the jury with a rational basis for acquitting defendant of the charged offenses and convicting him of the lesser offenses and that therefore the lesser-included offenses should be submitted. We need not decide whether, if believed, the statement allegedly made to the police would have provided the jury with a basis for acquitting defendant of the charged offenses and convicting him of the lesser offenses. This is because in our opinion defendant's alleged statement, when viewed in the context of all the evidence against him, was so unworthy of belief that the jury could not rationally have believed it. While defendant had a right to have the jury decide the straight issue of his guilt or innocence of the charged offenses, under the circumstances he did not have a right under our cases to have the jury be given the option of finding him guilty of the lesser-included offenses. *State v. Nelson,* 297 N.W.2d 285 (Minn.1980); *State v. Malzac,* 309 Minn. 300, 244 N.W.2d 258 (1976).

■ (b) Defendant's other argument in support of his claim that a new trial is required is based on the fact that the trial court responded to two requests by the jury without notifying counsel or allowing counsel to be present. Specifically, when the jury asked to see police reports, the court told the jury that the reports were not in evidence, and when the jury asked for "jury guides," the court provided the jury with a copy of parts of his typewritten instructions and an instruction that if any jurors want-

ed other parts they could have them. Minn. R.Crim.P. 26.03, subd. 19(2, 3) contemplates that normally the trial court should notify counsel and that any contact with the jury should be in open court. Although this rule was not followed, any error by the trial court clearly was not prejudicial. *State v. Shiue,* 326 N.W.2d 648 (Minn.1982); *State v. Schifsky,* 243 Minn. 533, 69 N.W.2d 89 (1955).

■ 2. Defendant's only other contention is that one of his convictions should be vacated pursuant to Minn.Stat. § 609.04 (1982), which prevents the state from convicting a defendant of the same offense twice (or a greater and lesser-included offense) on the basis of the same act. Since the conviction of criminal sexual conduct in the third degree is for a lesser-included offense of the conviction for criminal sexual conduct in the first degree and since the two convictions were based on the same act, defendant is entitled to have the conviction for the lesser offense vacated. *State v. Koonsman,* 281 N.W.2d 487 (Minn.1979).

One conviction affirmed; one conviction vacated.