**STATE of Minnesota, Respondent,**

v.

**Eligha McMORRIS, Appellant.**

No. C4–84–1306.

Supreme Court of Minnesota.

Aug. 30, 1985.

Hubert H. Humphrey, III, Minnesota Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Minneapolis, for appellant.

Vance O. Bushay, Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is a petition by the state for review of a decision of the Court of Appeals, 367 N.W.2d 664, reversing the conviction of Eligha McMorris of second-degree assault, Minn.Stat. § 609.222 (1984), and granting him a new trial. The Court of Appeals granted the new trial on the ground that the trial court erred in the manner in which it responded to a question by jurors during their deliberations. We grant the state's petition, reverse the decision of the Court of Appeals, and reinstate the judgment of conviction.

Mr. McMorris did not submit a complete trial transcript to the Court of Appeals.

The partial transcript he submitted consists only of his testimony, the closing arguments of counsel, the trial court's instructions and the limited record made of the events leading to and including the jury's verdict. Although the record is incomplete, one can infer from the probable cause portion of the complaint and the prosecutor's closing argument that McMorris and the victim, Gaston Mosqueira, had had an ongoing feud; that McMorris displayed a gun to a mutual acquaintance and told him to tell the victim he was looking for him; and that later McMorris, accompanied by a woman, drove up to the victim, who was unarmed, got out and shot him and seriously wounded him, then got back in the car and drove off. The victim apparently positively identified McMorris as the man who shot him, as did the victim's daughter and a neutral witness who looked out the window of her house and saw the incident.

The case was submitted to the jury at 12:20 p.m. At 4 p.m the same day the bailiff handed the trial judge a note asking, "Do we have access to any of the court recorded testimony?" The judge immediately contacted both attorneys by telephone and said he was thinking of writing "No" on the note and wanted to know how they felt. Both attorneys said they had no objection. The judge wrote "No" on the note and had the bailiff return it to the jury. At 4:03 p.m. the judge received a note asking for a tape player so the jury could play a tape that defendant offered in evidence. Since the tape was in evidence, the judge sent in a player without contacting counsel.

A short time later defense counsel decided that he had made a mistake in agreeing to the judge's responding as he did to the jurors' note. Defense counsel called the prosecutor and asked her to meet him in the judge's chambers. After a brief delay, the judge said he was free to talk. At that moment, the bailiff said the jurors had reached a verdict. Defense counsel proceeded to say that he now wanted to object to the judge's response and wanted him to call the jurors back and let them know that if they wanted to request that certain parts

of the record be reread, they could. The judge refused, saying that if defense counsel had asked for it in a timely manner he would have called the jurors in and asked them what they wanted. The judge and the attorneys then went and, at 4:54 p.m., received the verdict in open court.

The matter of jury requests to review evidence is governed by Minn.R.Crim.P. 26.03, subd. 19(2), which provides:

1. If the jury, after retiring for deliberation, requests a review of certain testimony or other evidence, the jurors shall be conducted to the courtroom. The court, after notice to the prosecutor and defense counsel, may have the requested parts of the testimony read to the jury and permit the jury to re-examine the requested materials admitted into evidence.

2. The court need not submit evidence to the jury for review beyond that specifically requested by the jury, but in its discretion the court may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.

For an analysis of the scope of the trial court's discretion under the rule, *see State v. Daniels,* 332 N.W.2d 172 (Minn.1983).

■ We have held in a number of cases that ordinarily if a defense attorney fails to object to the way the trial court handles or decides a jury request under Minn.R. Crim.P. 26.03, subd. 19, then the defendant is deemed to have forfeited his right to have us decide on appeal whether the trial court abused its discretion in handling the request as it did. *State v. Harris,* 333 N.W.2d 873 (Minn.1983); *State v. Gunderson,* 296 N.W.2d 884 (Minn.1980); *State v. Severson,* 289 N.W.2d 496 (Minn.1980); *State v. Scott,* 277 N.W.2d 659 (Minn.1979). In *State v. Spaulding,* 296 N.W.2d 870 (Minn.1980), which is the case on which the Court of Appeals based its reversal, we overlooked the defense counsel's failure to object, but that was because the case was "a close case" involving a request for the rereading of the defendant's testimony by

a jury that said it was deadlocked. In this case, there is no good reason to overlook defense counsel's failure to object. Indeed, the case is like *State v. Scott,* 277 N.W.2d 659 (Minn.1979), where the defense counsel did not just not object but expressly agreed with the trial court's proposed handling of the request. *Cf. State v. Roy,* 304 N.W.2d 651 (Minn.1981) (defense counsel not only did not object to statements by the trial court that allegedly coerced a verdict but gave express advance approval).

■ We further note that defendant did not meet his burden of establishing that any error by the trial court was prejudicial. In a number of cases we have held that error by the trial court in the handling or the denial of jury requests to review evidence was nonprejudicial. *State v. Hyvare,* 354 N.W.2d 835 (Minn.1984); *State v. Kindem,* 338 N.W.2d 9 (Minn.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 2352, 80 L.Ed.2d 825 (1984); *State v. Richardson,* 332 N.W.2d 912 (Minn.1983); *State v. Daniels,* 332 N.W.2d 172 (Minn.1983); *State v. Guskey,* 330 N.W.2d 121 (Minn.1983). On the other hand, in *State v. Lubenow,* 310 N.W.2d 52 (Minn.1981), and *State v. Spaulding,* 296 N.W.2d 870 (Minn.1980), we held that the error was prejudicial. The Court of Appeals did not address the issue of whether defendant was prejudiced by the trial court's handling of the matter. If it had done so, it would have had to conclude on this record that defendant was not prejudiced. As we have said, "Normally, a criminal defendant cannot obtain a new trial on appeal by establishing that error occurred in the conduct of the trial unless he provides this court with a complete transcript or an appropriate stipulation concerning what would be disclosed by a complete transcript" because "[w]ithout such a transcript or stipulation, we cannot verify whether the error resulted in prejudice." *State v. Anderson,* 351 N.W.2d 1, 2 (Minn. 1984) (refusing to decide whether trial court erred in response it gave to juror's questions concerning the law because the defendant on appeal did not provide a complete transcript); *see also,* to the same ef-

fect, *State v. Engler*, 319 N.W.2d 705 (Minn.1982). Defendants supplied the Court of Appeals with only a partial transcript, and the transcript does not in any way support the view that defendant was prejudiced by the trial court's handling of the matter. Indeed, as we earlier stated, the inferences one can reasonably draw from the complaint and the prosecutor's closing argument are to the contrary.

Reversed; judgment of conviction reinstated.