STATE of Minnesota, Respondent,

v.

Charles BENNETT, Appellant.

No. C1–85–1435.

Court of Appeals of Minnesota.

March 18, 1986.

Review Denied April 24, 1986.

Hubert H. Humphrey, III, Atty. Gen., Alan L. Mitchell, St. Louis Co. Atty., Mark S. Rubin, Asst. Co. Atty., Duluth, for respondent.

C. Paul Jones, State Public Defender, Mollie G. Raskind, Deputy State Public Defender, Minneapolis, for appellant.

Considered and decided by RANDALL, P.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Charles Golden Bennett was convicted of two counts of intrafamilial sexual abuse, Minn.Stat. § 609.3641, subd. 1(1) (1984), involving alleged conduct with his nine-year-old nephew. The sole issue on appeal is the appropriateness of the trial court's remarks to the jury in response to questions they posed during deliberations. We affirm.

## FACTS

In April 1984, Betty Stanley lived in a trailer home in St. Louis County with her one-year-old daughter and nine-year-old son, C.S. Appellant, her 43-year-old brother, moved in with her that month. He moved out toward the end of that month.

In late November 1984, Stanley was in the kitchen talking to her sister Yvonne Wicktor. She asked C.S. if appellant had ever done anything to him, and he said appellant "had stuck his peepee in his butt." Wicktor testified that Stanley had been drinking heavily and had called C.S. over saying "tell [Yvonne] and mommy what Uncle Charles did" and that in responding C.S. started laughing. Wicktor did not believe C.S. Stanley notified the sheriff. During an interview by authorities, C.S. drew a picture depicting what allegedly occurred, and appellant was arrested shortly thereafter.

At trial, C.S. testified and explained how appellant penetrated him anally. The State also introduced *Spreigl* evidence that in 1978 appellant had committed a similar sexual act on a 12-year-old boy. Appellant testified and denied the allegations.

After the jury began deliberations they returned with several questions. The court responded in open court with counsel and appellant present, stating:

THE COURT: You have three questions. "Where was Betty when the assault occurred?" "Why the whole subject came

up in November from [C.S.]'s mother?" "How did it come about that the offense was talked about?" "And how many times was it brought up about his uncle of the offense?"

The Court can't interpret evidence. We can't, once a case finishes, we can't bring back witnesses to ask questions. The case is now in your hands, you've got to remember what the evidence was. There was evidence and testimony on all of these subjects I think. If not all, some of them. But I can't tell you my interpretation of the testimony. You heard it all and you have to decide the case from the facts that you have. *I can only ask, what difference does it make?* You've been given the evidence in this case; you've been given the law and you've got to decide it on what you've got.

Now do you have any other questions? Not about the testimony; because I can't go back and tell you what my interpretation of the testimony is.

Okay, I guess that's all. You can take them back. (emphasis added)

No objection was made by defense counsel.

## ISSUE

Did the trial court's response to the jury improperly manifest the trial court's viewpoint as to appellant's guilt?

## ANALYSIS

Jury requests for additional instructions are governed by Minn.R.Crim.P. 26.03, subd. 19(3) which provides:

(3) *Additional Instructions After Jury Retires.*

1. If the jury, after retiring for deliberation desires to be informed on any point of law, the jurors, after notice to the prosecutor and defense counsel, shall be conducted to the courtroom. The court shall give appropriate additional instructions in response to the jury's request unless: (a) the jury may be adequately informed by directing their attention to some portion of the original instructions; (b) the request concerns matters not in evidence or questions which do not pertain to the law of the case; or (c) the request would call upon the judge to express an opinion upon factual matters that the jury should determine.

Under Minn.R.Crim.P. 26.03, subd. 19(3) "the court has the discretion to decide whether to amplify previous instructions, reread previous instructions, or give no response at all." *State v. Murphy*, 380 N.W.2d 766, 772 (Minn.1986).

In responding to the jury, "the trial court should maintain a completely neutral stance and not apply any improper pressure on the jury." *State v. Bjornson*, 378 N.W.2d 4, 10 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. January 17, 1986). *See Schultz v. State*, 290 N.W.2d 778, 780 (Minn.1980); *State v. Mims*, 306 Minn. 159, 168–69, 235 N.W.2d 381, 387 (1975). "A trial judge must avoid remarks which manifest the trial court's feeling of bias or prejudice or which are an attempt to impress upon the jurors the trial court's viewpoint as to the defendant's guilt or innocence." *State v. Christenson*, 371 N.W.2d 228, 231 (Minn.Ct.App.1985) (citing *State v. Shetsky*, 229 Minn. 566, 40 N.W.2d 337 (1949).

While the trial court's response, "what difference does it make?" arguably went beyond a permissible response, defense counsel did not object. In *State v. McMorris*, 373 N.W.2d 593 (Minn.1985), the supreme court, in a case challenging a judicial response to a jury request to review evidence under Minn.R.Crim.P. 26.03, subd. 19(2), stated and applied the general rule that a defendant forfeits his right to appellate review of this issue when the defense attorney fails to object. *Id.* at 595. Likewise, we must apply this rule in this case because there is no good reason to overlook defense counsel's failure to object. *See State v. Harris*, 333 N.W.2d 873, 876 (Minn.1983).

## DECISION

By failing to object, appellant forfeited his right to appellate review of a trial court's response to a jury question.

Affirmed.