**STATE of Minnesota, Respondent,**

v.

**Dean Peter ALEXANDER, Appellant.**

**No. C1-85-2200.**

Court of Appeals of Minnesota.

June 10, 1986.

Review Denied July 31, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Anne E. Peek, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and SEDGWICK and RANDALL, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Appellant Dean Peter Alexander was convicted of attempted aggravated robbery, Minn.Stat. §§ 609.245, 609.11, 609.17 (1984). He claims he was sentenced based on an incorrect criminal history score and that the trial court erred in allowing his prior convictions for impeachment purposes and in failing to reread certain instructions. We affirm.

## FACTS

On May 21, 1985, appellant walked into the Kenwood Market in Minneapolis and asked the clerk at the counter for cigarettes. He then demanded "give me your money or I am going to blow your fucking brains out." His left hand was in his coat pocket which protruded out menacingly. When asked to see the gun, appellant pulled out a knife and thrust it at the clerk. A customer, Clark Griffith, told Daniel Pence, the owner, that a robbery was taking place. Pence dashed behind the counter, grabbed a baseball bat and told appellant to leave. As appellant left the store, Pence and Griffith obtained the license number of the car that appellant had gotten into and had then sped off.

The police were given a description of appellant and the license number of the car, and appellant was arrested that evening. The next morning, a search of appellant's car pursuant to a search warrant, turned up the knife appellant used and the sunglasses and jean jacket worn by appellant in the store. Appellant was charged with attempted aggravated robbery. He

was found guilty by a jury and was sentenced to 52 months imprisonment, based on a severity level VII offense and a criminal history score of 6.

## ISSUES

1. Did the trial court err in including two criminal history points for burglary and aggravated robbery convictions in 1978 which consisted of one behavioral incident?

2. Did the trial court abuse its discretion in ruling that appellant's prior convictions were admissible for impeachment?

3. Did the trial court abuse its discretion in failing to reread certain instructions to the jury?

## ANALYSIS

### I.

In 1978 appellant participated in an armed robbery of a house in which the husband and wife occupants were held at gunpoint and robbed. *See State v. Alexander*, 290 N.W.2d 745 (Minn.1980). Appellant was convicted of both burglary and aggravated robbery and received two consecutive 20-year sentences for these convictions. *Id.*

In computing appellant's criminal history score for this offense, the trial court counted both of these 1978 convictions in appellant's criminal history score. Appellant's claim on appeal is that *State v. Eberhardt*, 379 N.W.2d 242 (Minn.Ct.App.1986) dictates that appellant's history score should be reduced to 5 because in that case the court indicated that for crimes committed during a single course of conduct an offender may be assigned only one point. However, appellant's reliance on *Eberhardt* is misplaced.

When multiple felony sentences arising out of single course of conduct involve multiple victims, two felony points may be imposed. Minnesota Sentencing Guidelines II.B.1.b and Comment II.B.103. *State v. McAdoo*, 330 N.W.2d 104, 107–08 (Minn.1983). *Eberhardt* did not involve multiple victims but dealt only with a defendant convicted of one count of first degree burglary and one count of first degree criminal sexual conduct involving the same victim.

### II.

The trial court ruled that appellant could be impeached with his prior convictions in 1976 for arson, in 1978 for burglary and aggravated robbery, and in 1983 for receiving stolen property. Under Minn.R. Evid. 609(a) and the factors outlined in *State v. Jones*, 271 N.W.2d 534, 537–38 (Minn.1978), we find no abuse of discretion in the court's ruling.

### III.

During deliberations the jury asked for a reinstruction on the "principle of reasonable doubt." The trial court reread its previous charge based on CRIMJIG 3.30. No objection was made by counsel. The court then asked the jury if that was the portion of the instruction they wanted reread and if the jury wanted to deliberate further. The foreperson said "yes" and the jury continued deliberations.

Later, defense counsel moved that the court reinstruct the jury on the elements of the crime and that each element must be proved beyond a reasonable doubt. The State objected and the court denied the request as unnecessary. Appellant claims the trial court abused its discretion in failing to reread the instructions as defense counsel had requested. Appellant's argument is answered by Minn.R.Crim.P. 26.03, subd. 19(3)(2), which provides:

The court need not give additional instructions beyond those specifically requested by the jury, but in its discretion the court may also give or repeat other instructions to avoid giving undue prominence to the requested instructions.

Further, defense counsel did not timely object to the manner in which the trial court handled the request. *State v. McMorris*, 373 N.W.2d 593, 595 (Minn. 1985). Finally, appellant has not demonstrated that the alleged violation was preju-

 

dicial. *Id.* For all these reasons we dismiss appellant's contention.

## DECISION

Appellant's criminal history score was properly computed and the trial court did not abuse its discretion in admitting appellant's prior convictions for impeachment purposes or in responding to the jury request to reread instructions.

Affirmed.