STATE of Minnesota, Respondent,

v.

Milo David LANE, Jr., petitioner, Appellant.

No. CX–97–127.

Supreme Court of Minnesota.

Aug. 6, 1998.

John M. Stuart, State Public Defender, Bradford S. Delapena, Assistant State Public Defender, Minneapolis, for Appellant.

Hubert H. Humphrey III, Attorney General, St. Paul, Michael O. Freeman, Hennepin County Attorney, Linda M. Freyer, Assistant County Attorney, Minneapolis, for Respondent.

## OPINION

BLATZ, Chief Justice.

The appeal of Milo David Lane, Jr., arises from his conviction for simple robbery by a Hennepin County jury. During its deliberations, the jury asked that a segment of testimony be read back to it, but the trial court refused. The Minnesota Court of Appeals affirmed, holding that Lane had waived the issue by failing to object and, moreover, that it "[could not] say that the court abused its discretion by denying the jury's request." *State v. Lane*, No. CX–97–127, 1997 WL 629998, at *1–2 (Minn.App. Oct. 14, 1997) (unpublished opinion). We hold that Lane adequately preserved this issue for appeal, but that under the particular circumstances of the case, the trial court did not abuse its discretion by denying the jury's request.

At approximately 9:30 p.m. on July 4, 1996, 11–year–old M.J. left his home to buy some dish soap for his mother, who was ill. M.J.'s mother had given him a five-dollar bill for the purchase, and he had stuffed it into his jacket pocket. As M.J. walked along Central Avenue in Minneapolis, a man came up behind M.J., grabbed him, pushed him to the ground, and pulled the money from his pocket.[1] The man proceeded up Central Avenue, where M.J. saw him talking to someone in a car.

M.J. ran to a nearby police station and told an officer that he had just been robbed. According to the officer, James Bjostad, M.J. described the perpetrator as an older white male who was drunk, wearing a blue shirt and blue pants, and walking northbound on Central Avenue. Officer Bjostad and M.J. set off in a squad car and approximately

---

1. In his statements to police and the prosecutor, as well as during his in-court testimony, M.J. equivocated as to whether Lane grabbed M.J. by the hood of his jacket or by the shirt, whether the five-dollar bill was new or old, and whether Lane took the money from M.J.'s hand or jacket pocket.

three minutes later and three blocks away on Central Avenue, M.J. spotted appellant Lane and identified him as the person who had robbed him. Bjostad approached Lane, who was leaning into a parked car, and took him into custody. Bjostad testified that Lane matched the description M.J. had given him earlier and that Lane appeared to be intoxicated. While booking Lane, Bjostad found a five-dollar bill and three one-dollar bills in the front right pocket of Lane's jeans.

Lane was charged with simple robbery and tried on September 24–25, 1996. *See* Minn. Stat. § 609.24 (1996).[2] At trial, the defense argued that Lane had no motive to rob M.J., because Lane had $62 and loose change in his wallet, in addition to the $8 found in his jeans pocket.

During its deliberations, the jury sent a note to the judge, which read:

1. May we have testimony read back to us?

2. May we have the testimony of Officer Bjostad regarding [M.J.'s] initial description of the event?

For reasons discussed below, the trial judge answered the jurors' questions "no" and sent them back to continue their deliberations. The jury returned a guilty verdict later that afternoon.

## I.

■ Lane appealed to the court of appeals, arguing that the trial court abused its discretion by denying the jury's request for Officer Bjostad's testimony. The court of appeals affirmed Lane's conviction. *See Lane*, 1997 WL 629998, at *1. The court of appeals held that Lane waived his right to challenge the trial court's refusal to have testimony read back to the jury, because his counsel failed to object. *See id.*[3] This court has held on numerous occasions that a defendant's failure to object to the trial court's response to a jury request ordinarily oper-

ates as a waiver of his or her right to raise the issue on appeal. *See, e.g., State v. McMorris*, 373 N.W.2d 593, 595 (Minn.1985); *State v. Harris*, 333 N.W.2d 873, 876 (Minn. 1983); *State v. Gunderson*, 296 N.W.2d 884, 885 (Minn.1980); *State v. Severson*, 289 N.W.2d 496, 496–97 (Minn.1980). "However, * * * this court will consider plain error affecting substantial rights if the error had the effect of denying the defendant a fair trial." *Van Buren v. State*, 556 N.W.2d 548, 551 (Minn.1996).

After receiving the jury's request, the trial judge and counsel conferred on the matter of whether any part of Bjostad's testimony should be read back to the jury. On the record, Lane's counsel stated:

There is obviously some concern about his testimony, and I would ask that the [c]ourt allow that testimony to be reread, or else what they're asking for is the initial description. I would ask that it be limited to that and that the jury be allowed to hear what his initial description was of the event to Officer Bjostad as Officer Bjostad testified on the witness stand.

The prosecutor took no position on the jury's request. The jurors were brought into the courtroom, where the trial judge told them that the answer to their questions was "no" and instructed them to resume their deliberations. Lane's counsel said nothing more.

■ In our view, Lane's argument to the trial court was sufficient to preserve the issue for appeal. The rules of criminal procedure provide, in part:

Exceptions to rulings or orders of the court * * * are abolished. It is sufficient that a party, at the time the ruling or order of court is made or sought * * *, makes known to the court the action which the party desires the court to take or the party's objections to the action of the court * * * and the grounds therefor; and, if a party has no opportunity to object to a

---

**2.** The simple robbery statute provides:

Whoever, having knowledge of not being entitled thereto, takes personal property from the person * * * and uses or threatens the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property is guilty of robbery * * *.

Minn.Stat. § 609.24 (1996).

**3.** The state does not claim that Lane waived the issue, nor did it make this argument to the court of appeals.

ruling or order * * * at the time it is made or taken the absence of an objection does not thereafter prejudice the party.

Minn. R.Crim. P. 26.03, subd. 14(1).

 Objections serve two primary purposes: not only do they preserve issues for appeal, but they also are meant to avert error by the court. *See* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2472, at 93–95 (2d ed.1982). We agree that "[i]f the problem has been brought to the attention of the court, and the court has indicated in no uncertain terms what its views are, to require an objection would exalt form over substance." 3A *id.* § 842, at 289–90. There can be no doubt that Lane made his position known to the trial court by arguing that the testimony should be read. Accordingly, we reverse that part of the court of appeals' decision pertaining to preservation of the issue for appeal.

## II.

In ruling that it would not allow the requested testimony to be read to the jury, the trial court explained to counsel:

First of all, I think it would be improper to highlight certain testimony at the expense of others. And second, there is no way to be sure that we could find the testimony [the jurors] want, get it all, put it in accurate context, making sure we are leaving no portions out. So I'm not going to allow any of it to be read. They have notes, they had note pads and pens, they have their memories, and now they just have to make a decision.

After calling in the jurors and informing them that it was denying the request, the trial court instructed the jurors to continue their deliberations.

 The rules of criminal procedure provide that when a deliberating jury asks that testimony be read, "[t]he court, after notice to the prosecutor and defense counsel, *may* have the requested parts of the testimony read to the jury * * * ." Minn. R.Crim. P. 26.03, subd. 19(2) (emphasis added). The trial court has broad discretion in making this determination. *See State v. Kraushaar,*

470 N.W.2d 509, 514 (Minn.1991); *State v. Daniels,* 332 N.W.2d 172, 177 (Minn.1983).

Lane contends that this court should interpret Minn. R.Crim. P. 26.03, subd. 19(2), to establish a "give presumption," i.e., "that a jury request to review evidence should *normally* be granted where the request is reasonable as to both substance and scope, unless strong countervailing considerations justify denial." In Lane's view, such an interpretation finds support in "[t]he judicial concern for accurate verdicts" and in the latest version of the ABA standard from which subdivision 19(2) was adapted. *See ABA Standards for Criminal Justice: Discovery and Trial by Jury* Standard 15-5.2 (3d ed. 1996) ("Unless the court decides that a review of requested testimony is inappropriate, the court should have the requested parts of the testimony submitted to the jury * * * .") Lane argues that because the jury's request was reasonable in scope and substance and there were no "countervailing considerations," the trial court abused its discretion by denying the request.

Contrary to Lane's suggestion, courts have not uniformly adopted a reasonableness standard or "give presumption." While it is true that some courts have stated that jury requests to have testimony read ordinarily should be granted, other courts have expressed distaste for such practices. *Compare, e.g., United States v. Escotto,* 121 F.3d 81, 84 (2d Cir.1997) ("We have * * * stated a clear preference for readbacks whenever they are requested by a deliberating jury."), (*cert. denied,* —— U.S. ——, 118 S.Ct. 720, 139 L.Ed.2d 660 (1998)), *with, e.g., United States v. Krout,* 66 F.3d 1420, 1433 (5th Cir.1995) ("Generally, rereading or replaying testimony is disfavored."), (*cert. denied,* 516 U.S. 1136, 116 S.Ct. 963, 133 L.Ed.2d 884 (1996)).

This court has expressly rejected the argument that a "reasonableness standard" alone be used to limit the scope of the trial courts' discretion:

This argument ignores the clear words of the current rule. The rule grants discretion to approve or deny the jury's request and does not explicitly incorporate the ABA reasonableness standard. Although

the reasonableness of the jury's request is clearly an important factor in the court's decision, the Minnesota rule contemplates greater discretion than does the prior statute or the ABA rule. *Daniels,* 332 N.W.2d at 177. More recently, we reiterated, "[T]he fact that a [jury's] request is reasonable does not necessarily mean that the trial court has no discretion to deny the request." *State v. Rean,* 421 N.W.2d 303, 307 (Minn.1988).

On only one prior occasion have we found an abuse of discretion by a trial court in this regard. In *State v. Spaulding,* the trial court instructed the jury that no testimony would be read, but after more than nine hours of deliberation, the jury nonetheless sent a note to the court stating that it was "deadlocked in disagreement * * * [over] the testimony of the defendant." 296 N.W.2d 870, 877 (Minn.1980). The court categorically refused to have any testimony read back to the jury and made no effort to have the jury narrow its request. *See id.; cf. State v. Scott,* 277 N.W.2d 659, 660 (Minn.1979) (upholding trial court's denial of jury's request where the court made clear that a more specific request might be honored).

■ In this case, however, we cannot say that the trial court abused its discretion in denying the jury's request. We accept the trial court's determination that the rereading of the requested testimony would give undue prominence to it. And unlike the *Spaulding* court, the trial court in this case did not tell the jurors that it would not entertain *any* requests for additional information and, given the fact that the request was fairly specific, the court was under no duty to ask the jury to narrow the request. Moreover, the testimony at Lane's trial took approximately a day and one-half and occupied approximately 35 pages of transcript, in contrast to the 393 pages of testimony given in the *Spaulding* trial. The jury was not "force[d] * * * to decide the case on the basis of [a] sketchy memory of the evidence." *Spaulding,* 296 N.W.2d at 878; *cf., e.g., United States v. Aubin,* 961 F.2d 980, 983–84 (1st Cir.) (holding that the trial court acted within its discretion by denying the jury's request when the trial lasted one day and the evidence was fresh in jurors' minds), (*cert denied,* 506 U.S. 886, 113 S.Ct. 248, 121 L.Ed.2d 180 (1992); *State v. Minn,* 79 Hawai'i 461, 903 P.2d 1282, 1287 (1995)) (holding that the trial court did not abuse its discretion in denying the jury's request for testimony when the trial was short and little time had passed since the jurors heard the witness' testimony). Accordingly, we reverse in part and affirm in part the decision of the court of appeals.

TOMLJANOVICH, Justice (dissenting).

I respectfully dissent from the second part of the court's opinion. I agree that a trial court has broad discretion to grant or deny a jury's request to have testimony read back to it; however, I do not believe—as the majority apparently does—that such discretion is unfettered.

In this case, the trial judge's reasons for not reading back the requested portion of the police officer's testimony are groundless. The jury made a specific request for a specific part of a specific witness' testimony, testimony which bore upon the critical issue of M.J.'s identification of Lane. Because the jury already was giving prominence to that testimony in its deliberations, the trial judge would not have given undue prominence merely by granting the request. Moreover, the requested testimony represented a small, readily identifiable portion of testimony in a brief trial. I cannot accept the trial judge's assertion that there was "no way" to locate and read back the requested testimony.

In view of our holding in *State v. Daniels,* I would not adopt the "give presumption" advocated by Lane. But I believe that a trial judge has an obligation to attempt to help a jury resolve any material, relevant issues that are hampering its progress toward a verdict. A trial judge's terse refusal to do so, in response to a reasonable and relevant request, constitutes an abuse of discretion.

GARDEBRING, Justice (dissenting).

I join in the dissent of Justice TOMLJANOVICH.