STATE of Minnesota, Respondent,

v.

Roger Herman LEE, Appellant.

No. 47165.

Supreme Court of Minnesota.

April 28, 1978.

Connolly & Heffernan and John S. Connolly, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, William B. Randall, County Atty., Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

TODD, Justice.

Defendant was found guilty by a district court jury of two counts of aggravated robbery, Minn.St. 609.245, and was sentenced by the trial court to a maximum term of 10 years in prison. On appeal from judgment of conviction, defendant contends (1) that the lineup at which he was identified was impermissibly suggestive; (2) that he should have been permitted to have counsel at the lineup; (3) that the prosecutor committed prejudicial misconduct in his opening and closing statements and in cross-examining a defense witness; and (4) that the trial court erred in refusing to admit the results of a polygraph examination privately administered to defendant. We affirm.

There is no merit to the first issues relating to the lineup. Defendant's photograph was selected by one of the two eyewitnesses from over 1,000 photographs of people fitting the general description of one of the robbers. This witness positively identified defendant's photograph and later positively identified him both at a lineup and at trial. Although only one other person in the lineup had shoulder length hair, a consideration of all the factors convinces us that the lineup did not create "a very substantial likelihood of irreparable misidenti-

fication." *Neil v. Biggers,* 409 U.S. 188, 198, 93 S.Ct. 375, 381, 34 L.Ed.2d 401, 410 (1972), and *Manson v. Brathwaite,* 432 U.S. 98, 99, 97 S.Ct. 2243, 2245, 53 L.Ed.2d 140, 144 (1977). Defendant did not have a constitutional right to be represented by counsel at the lineup. This court in a number of cases has indicated that it intends to follow the United States Supreme Court's approach of granting a right to counsel at lineups only after the formal commencement of prosecution by complaint or indictment. *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *State v. Carey,* 296 Minn. 214, 207 N.W.2d 529 (1973).

■ Defendant's contention that the prosecutor committed misconduct consists of a number of specific claims. Only two merit discussion. The first of these is the claim that the prosecutor improperly informed the jury in his opening statement (and later introduced evidence) that the state's key witness had picked defendant's photograph from about 1,000 pictures. Defendant contends that this information suggested to the jury that defendant was involved in prior criminal conduct. It is true that when a defendant is initially identified from photographs at the police station, the jury may infer that he has at least a prior arrest record. The only evidence in this case connecting defendant to the crime, however, was the eyewitness identification testimony. If the state had not been permitted to show the manner in which defendant was originally identified, it is quite possible that the jury would not have credited the identification testimony. Further, we think it is significant that the prosecutor tried to neutralize the prejudice by calling an officer from the identification unit who in the course of his testimony revealed that the unit took pictures not just of people who were arrested but also of people seeking licenses and permits. Under all the circumstances, we hold that there was no error.

■ The only other claim of prosecutorial misconduct that merits mention is defendant's claim that the prosecutor on cross-examination impermissibly elicited the fact that an alibi witness' prior conviction had been in the Federal district court. On direct examination, defense counsel elicited an admission from the witness that in 1975 she had been convicted in Michigan for interstate transportation of altered money orders. Defense counsel, however, did not elicit the fact that the conviction was in the Federal district court in Michigan, and therefore it was proper for the prosecutor to elicit this information on cross-examination. See, McCormick, Evidence, § 43.

■ The issue relating to the admissibility of polygraph test results is answered by our recent decision in *State v. Hill,* Minn., 253 N.W.2d 378 (1977), where we refused to reconsider our longstanding rule against the admissibility of such evidence.

Affirmed.

WAHL, Justice (concurring specially).

Cases such as this one, where the only evidence connecting the defendant to the crime is the eyewitness identification testimony, must be carefully scrutinized. I concur because the identifying eyewitness, 22-year-old Derald Grue, assistant manager of the Tom Thumb store, saw defendant in the store three times on the evening of the robbery. Grue identified defendant as the dark-haired man who had come into the store, first with two other men, then alone, affording Grue the opportunity for a good look at him, then a third time with the same two men when the robbery occurred. The photographic identification from over 1,000 photographs occurred within 2 days while Grue's memory was fresh.