**STATE of Minnesota, Respondent,**

v.

**Tyrone Lee COBB, Appellant.**

**No. 48862.**

Supreme Court of Minnesota.

May 18, 1979.

C. Paul Jones, Public Defender, and Eva-lynn B. Welling, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., William B. Randall, County Atty., and Steven C. De-Coster, Asst. County Atty., St. Paul, for respondent.

## PER CURIAM.

Defendant was found guilty by a district court jury of aggravated robbery and was sentenced by the trial court to a 1- to 20-year prison term. On this appeal from judgment of conviction defendant contends that the trial court erred in (1) permitting in-court identification of him by three eye-witnesses because the pretrial identification procedures used violated his right to due

process and his right to counsel, and (2) in permitting the prosecutor to elicit an admission from defendant on cross-examination that 2 months after the crime he had pawned property similar to that taken in the robbery. We affirm.

As we indicated, there are two parts to defendant's claim that the court erred in permitting the in-court identification by the three eyewitnesses.

■ (a) First, defendant contends that the in-court identification of him was tainted by suggestive identification procedures. The test which is used in determining a claim such as this is whether the identification procedures were so impermissibly suggestive as to create a " very substantial likelihood of irreparable misidentification. " *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). The focus of the test is the reliability of the identification, and all relevant factors are considered in determining this. Defendant's claim that the procedures used were suggestive is based on the use of two photographs of him in the photographic display and the fact that only three people (one with hair that was different from defendant's) participated in the lineup. We agree that there may be dangers in using two photographs of a suspect in a photographic display and only one of each of the others represented. This is especially true where the suspect looks the same in both pictures. However, in this case we are satisfied that the fact that two pictures of defendant were used did not increase the likelihood of misidentification, because each of the three eyewitnesses identified defendant as the robber before looking at the second of the two pictures. With respect to the lineup we agree that it would have been preferable if more than two people had participated in the lineup with defendant, but the lineup was a confirmatory lineup which was requested by defendant, and the eyewitnesses had all positively identified defendant before they saw him in the lineup. Considering all the relevant factors,[1]

1. The witnesses had an adequate opportunity to view the robber over a 5-minute period, they were attentive witnesses, their description of the robber accurately fit defendant, they were positive in their identification of defendant, and their initial photographic identification of defendant took place shortly after the crime.

we conclude that there was no "very substantial likelihood of irreparable misidentification."

(b) Defendant's related contention is that the admission of the in-court identification testimony was erroneous because he was denied his right to have counsel present at the lineup.

 The lineup was held at defendant's insistence, and the failure to notify defense counsel of the time at which it was being held was the result of a mixup. Nonetheless, defendant's right to counsel at the lineup was denied. *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *Moore v. Illinois,* 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977). In the absence of a voluntary waiver of the right to counsel by the defendant, any evidence of the identification of a defendant at a post-accusation lineup held in the absence of defendant's counsel is inadmissible per se, and any subsequent in-court identification of defendant by the witnesses who viewed the lineup is inadmissible unless the evidence clearly and convincingly indicates that the subsequent in-court identification has a source independent of the improper lineup. The numerous factors which the court must consider in making this determination are listed in the *Wade* case. 388 U.S. 241, 87 S.Ct. 1940, 18 L.Ed.2d 1165. These factors are similar to the factors one considers in determining the admissibility of testimony about both in-court and out-of-court identification of a defendant which is challenged on due process grounds. A consideration of those factors here mandates the conclusion that the in-court identification in this case had an independent source and was not tainted by the error in the conduct of the lineup.

■■ Defendant's only other contention concerns the propriety of permitting the prosecutor to elicit from defendant on cross-examination the damning admission that he had pawned a diamond ring 2 months after the robbery. Since the robbery with which we are concerned was a jewelry store robbery in which 18 diamond rings were taken, we believe the evidence was relevant and therefore properly admitted. There was nothing to indicate that the diamond ring that defendant pawned clearly was not one of the stolen rings and that the state had no way of proving that it was because the pawned ring apparently was no longer in the pawnbroker's possession and could not be found. Under these circumstances, the evidence was properly admitted. See, 1 Wigmore on Evidence (3 ed.) §§ 152, 153; 77 C.J.S. Robbery § 46e(5)(b). See, also, *State v. Kotka,* 277 Minn. 331, 152 N.W.2d 445 (1967), certiorari denied, 389 U.S. 1056, 88 S.Ct. 806, 19 L.Ed.2d 853 (1968), where, in holding that the defendant's gun was sufficiently connected with the crime charged to be admissible, we stated that in that case it did not matter that the state could not prove that the gun was the one used, so long as the state was able to show that it was "[t]he type of weapon or instrument with which the crime was committed."

Affirmed.