**STATE of Minnesota, Respondent,**

v.

**Steven B. HYVARE, Appellant.**

No. C6–83–549.

Supreme Court of Minnesota.

Sept. 21, 1984.

---

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas Johnson, Hennepin County Atty., Minneapolis, for respondent.

COYNE, Justice.

Defendant was found guilty by a district court jury of aggravated robbery, Minn. Stat. § 609.245 (1982), and was sentenced by the trial court to 54 months in prison, the presumptive sentence at the time under section 609.11 and Minnesota Sentencing Guidelines and Commentary II.E. (1982). On appeal, defendant does not challenge the sufficiency of the evidence but contends that he should be given a new trial because the trial court prejudicially erred in (1) refusing to suppress certain eyewitness identification evidence which he contends was obtained in violation of his right to counsel and his right to due process and (2) granting the jury's request for the rereading of the testimony of one of the state's witnesses. We affirm.

The state's evidence at trial established that defendant went to Arone's Bar in Northeast Minneapolis on the evening of July 11, 1982, drank several mixed drinks, and then shortly after midnight, as the bar was closing, pulled out a .25-caliber automatic handgun and robbed the bar of the day's receipts, then drove off in a black Cadillac Eldorado. Defendant was arrested on July 31, 1982, after he revisited the bar wearing clothes similar to those worn when he committed the robbery. Evidence connecting defendant to the robbery included: (a) evidence that three eyewitnesses positively identified defendant at a lineup and that a fourth positively identified defendant's picture from a photographic display; (b) positive in-court identification by the four witnesses; (c) evidence that a loaded .25-caliber automatic handgun was found in a search of defendant's residence; (d) evidence that defendant and his wife were staying at her parents' home on the 11th while her parents were out of town and that defendant returned to the house between 1 and 2 a.m. on the 12th in her father's black Cadillac Eldorado; (e) evidence that the bank bags that had contained the bar's receipts were found several blocks from this house on top of the roof of a grocery store, where defendant apparently had tossed them; and (f) evidence that defendant confessed to his father-in-law that he committed the crime.

1. Defendant's first contention is that the eyewitness identification evidence was obtained in violation of his right to counsel and his right to due process and should have been suppressed.

(a) If a lineup is held in violation of a defendant's right to counsel, then the evidence of the lineup identification is inadmissible per se and the in-court identification of the defendant by the witnesses who attended the lineup must be suppressed unless the in-court identification is untainted in that it has a source independent of the lineup. *Moore v. Illinois,* 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977); *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); *State v. Cobb,* 279 N.W.2d 832, 834 (Minn. 1979). Defendant's claim that he had a right to counsel at the lineup must fail because the lineup occurred before he was formally charged with the robbery. *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *State v. Cobb,* 279 N.W.2d 832 (Minn.1979); *State v. Lee,* 266 N.W.2d 181 (Minn.1978); *State v. Oksanen,* 311 Minn. 553, 249 N.W.2d 464 (1977).

■ (b) If a lineup is held in violation of a defendant's right to due process—that is, if it creates a "very substantial likelihood of irreparable misidentification"—then the lineup identification evidence as well as the in-court identification testimony of the eyewitnesses must be suppressed. *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *State v. Cobb*, 279 N.W.2d 832 (Minn.1979). Our examination of the record satisfies us that the lineup was fairly conducted and did not create a "very substantial likelihood of irreparable misidentification."

■ 2. Defendant's other contention is that the trial court erred in granting the jury's request that the reporter read the testimony of the neighbor who saw defendant return to his in-laws' house in the Cadillac between 1 a.m. and 2 a.m. on the 12th. We hold that the trial court did not abuse its discretion under Minn.R.Crim.P. 26.03, subd. 19(2) in granting the request. Defendant argues alternatively that the court should not have granted the request without also ordering the reporter to read the testimony of an officer who had questioned the neighbor, testimony to the effect that she said that she "assumed" that the person driving the car was defendant. It is not clear from the record that defense counsel requested that the court order the reading of the officer's testimony. In any event, any error in failing to order the reading of the testimony clearly was not prejudicial, given the strength of the state's evidence against defendant and given the fact that the officer's testimony also indicated that the neighbor said that defendant's wife admitted that it was defendant in the car but claimed that he merely was switching the cars around.

In conclusion, we hold that defendant received a fair trial and was properly found guilty of aggravated robbery.

Affirmed.