STATE of Minnesota, Respondent,

v.

Franklin T. WINSHIP, Appellant.

No. C8–84–739.

Court of Appeals of Minnesota.

Oct. 2, 1984.

Hubert H. Humphrey, Atty. Gen., Michael K. Jordan, Sp. Asst. Atty. Gen., St. Paul, Arvid Wendland, Faribault County Atty., Blue Earth, for respondent.

C. Paul Jones, State Public Defender, Mary R. Vasaly, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Appellant Franklin T. Winship was convicted by a jury of third degree criminal sexual conduct in violation of Minn.Stat. § 609.344(c) (1982) and theft in violation of Minn.Stat. § 609.52, subd. 2(1) (1982). He challenges his sex offense conviction contending the trial court abused its discretion in reading the complainant's entire testimony to the jury after they requested a review of portions of her testimony. He also contends the evidence is insufficient to sustain a finding that the intercourse was nonconsensual. We affirm.

## FACTS

Appellant met Mary at a street dance. Mary left the dance early and went to her girlfriend Ann's apartment to lie down because she was feeling ill. Later, appellant and a friend went to Ann's apartment to find her. Ann was not home, but they recognized Mary from earlier in the evening and visited with her.

Appellant asked his friend to leave the apartment and return in 20 minutes because he was going to have sex with Mary. The friend obliged. Appellant went back into the apartment, pinned Mary down, and had sexual intercourse with her. He claims the intercourse was consensual.

Mary testified that she only consented to a back rub and that she asked appellant to leave several times. Before he left he took a radio from the apartment. He claimed he had Ann's permission to borrow it for a day. The girls deny giving him permission.

During jury deliberations, the jurors asked that a portion of Mary's testimony be read. The foreman was unclear about what portions of her testimony they wanted read. The trial court read her entire testimony without objection from defense counsel.

## ISSUES

1. Did the trial court commit reversible error in reading complainant's testimony to the jury?

2. Is the evidence sufficient to sustain appellant's third degree criminal sexual conduct conviction?

## ANALYSIS

1. Jury requests for review of testimony, after deliberation, are governed by Minn.R.Crim.P. 26.03, subd. 19(2) which provides:

Jury Requests to Review Evidence.

1. If the jury, after retiring for deliberation, requests a review of certain testimony or other evidence, the jurors shall be conducted to the courtroom. The court, after notice to the prosecutor and defense counsel, may have the requested parts of the testimony read to the jury and permit the jury to re-examine the requested materials admitted into evidence.

2. The court need not submit evidence to the jury for review beyond that specifically requested by the jury, but in its discretion the court may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.

The jurors asked to review portions of Mary's 67 pages of testimony. However, the foreman was unclear as to what

portions of testimony the jurors wanted to hear, where those portions began, and the sequence of the testimony. The court decided to read her entire testimony rather than risk prejudicing either party by omitting a portion of the selected testimony, or giving undue prominence to one portion of the complainant's testimony. The trial court has broad discretion under this rule. *State v. Daniels*, 332 N.W.2d 172, 177 (Minn.1983). We find no evidence of abuse of this discretion.

2. Appellant contends the evidence is insufficient to sustain his third degree criminal sexual conduct conviction. Appellant claims the intercourse was consensual, complainant claims it was non-consensual.

■ The jury is entitled to weigh the credibility of the witnesses in reaching its verdict. On review, the record is viewed in the light most favorable to the verdict. *State v. Pieschke*, 295 N.W.2d 580 (Minn. 1980).

The jury believed complainant's version of the facts. Although Minn.Stat. § 609.-347, subd. 1 (1982), provides that corroboration of a complainant's testimony in a sex offense is not required, complainant's testimony was corroborated in three ways. (1) Complainant promptly reported the incident to her friend. *State v. Gardner*, 328 N.W.2d 159 (Minn.1983), recognizes this supports her claim. (2) Complainant's girlfriend testified that complainant was emotionally upset immediately after the incident. (3) Appellant's friend testified that appellant told him he had intercourse with Mary after she put up a fight.

### DECISION

The trial court did not abuse its discretion in reading the complainant's entire testimony after a jury request to review her testimony. The evidence is sufficient to sustain appellant's conviction of third degree criminal sexual conduct.

Affirmed.