**STATE of Minnesota, Respondent,**

v.

**Eligha McMORRIS, Appellant.**

**No. C4–84–1306.**

Court of Appeals of Minnesota.

May 14, 1985.

Thomas L. Johnson, Hennepin Co. Atty., Minneapolis, Hubert H. Humphrey, III, Atty. Gen., St. Paul, for respondent.

Vance O. Bushay, Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant McMorris appeals from his conviction by a jury of assault in the second degree. We reverse and remand for a new trial.

## FACTS

Appellant Eligha McMorris was convicted of assault in the second degree while using a firearm in violation of Minn.Stat. § 609.222 (1982) and assault in the third degree in violation of Minn.Stat. § 609.223 (1982). He received a 36 month sentence.

On March 23, 1984, at 12:20 p.m., the jury retired for deliberation. At 4:00 p.m. the jury sent the trial court the following message:

Do we have access to any of the court recorded testimony?

The trial court contacted both attorneys and informed them that he intended to write no on the message and return it to the jury. Both attorneys concurred. At 4:03 p.m., the trial court received a second message from the jury which stated:

May we have a tape player for the tape of Defendant's Exhibit E?

Since the exhibit was already in evidence, the trial court gave the jury a tape player.

At approximately 4:35 p.m., defense counsel sought a conference with the trial court in order to voice an objection to the court's response to the jury's request for testimony (the first message). At approximately 4:40 p.m., when the trial court and counsel were about to begin their conference, the jury returned their verdict. Defense counsel then sought to bring the jurors back into the courtroom, inform them they could review the testimony and asked if they wished to reconsider their verdict. The court rejected counsel's request on the grounds counsel had waived any objection when they had originally con-

curred. The jury's guilty verdict was then accepted by the trial court.

## ISSUE

Did the trial court fail to exercise its discretion when it denied the jury's request to review trial testimony?

## ANALYSIS

 Jury requests for review of testimony after deliberation are governed by Minn.R.Crim.P. 26.03, subd. 19(2), which provides:

**Jury Requests to Review Evidence.**

1. If the jury, after retiring for deliberation, requests a review of certain testimony or other evidence, *the jurors shall be conducted to the courtroom.* The court, after notice to the prosecutor and defense counsel, may have the requested parts of the testimony read to the jury and permit the jury to re-examine the requested materials admitted into evidence.

2. The court need not submit evidence to the jury for review beyond that specifically requested by the jury, but in its discretion the court may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested.

*Id.* (emphasis added). The trial court has broad discretion under this rule. *State v. Daniels,* 332 N.W.2d 172, 177 (Minn.1983); *State v. Winship,* 355 N.W.2d 324, 326 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Jan. 14, 1985).

In *State v. Spaulding,* 296 N.W.2d 870 (Minn.1980), the trial court had said at the outset of deliberations that no testimony would be read to the jury, thereby totally failing to exercise its discretion. The supreme court held that this constituted reversible error, stating:

> The trial court did not attempt to narrow the jury's request to specific parts of the testimony. He categorically refused to honor any requests for rereading evidence. In fact, the court refused to exercise its discretion at all by determining at the outset of deliberations, and before any requests from the jury, that no testimony would be reread. Under the circumstances of this case, the trial court abused its discretion to the defendant's prejudice. The effect of the court's inaction was to force the jury to decide the case on the basis of sketchy memory of the evidence.

*Id.* at 878 (emphasis in original).

In the case at hand, the trial court failed to exercise its discretion. The jury's request was not specific and the trial court should have responded by bringing the jury back into the courtroom identifying their request in more detail.

## DECISION

The trial court failed to exercise its discretion by not bringing the jury back into the courtroom and attempting to narrow the jury's request to specific parts of the record.

Reversed and remanded for a new trial.